# United States District Court
# Western District of Wisconsin

DOC NO
REC'D/FILED
2010 DEC 28  AM 8: 37

PETER OPPENEER
CLERK US DIST COURT
WD OF WI

Michael B. Kingsley          ,
(Full name of plaintiff[s])

301363          ,
(Prisoner I.D. Number)

Case No. **10 C 832**  BBC

(Provided by clerk of court)

Plaintiff(s),

v.

Monroe County Sheriff's Dep't
Dennis Pedersen, Lisa Joski, Patricia Fish
Robert Conroy, Stan Hendrickson, Fritz Degner, Karl Blanton
(Full name of defendant[s])

Defendant(s).

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

**I.    PLACE OF PRESENT CONFINEMENT (Provide full address)**

Prairie Du Chien Correctional Institution P.O. Box 9000 Prairie Du Chein, WI 53821

A.    Is there a grievance procedure in your prison/jail?    YES ☒    NO ☐

B.    Have you filed a grievance concerning the facts relating to this complaint?
YES ☒    NO ☐

C.    If you have used the grievance process:

1.    Describe what you did and the result, if any.
I filed a complaint/grievance with the jail, also a complaint and injury claim to the Attorney General without any result, nor response from either of them.

2.    Is the grievance process completed? yes

D.    If you did not use the grievance process, explain why not.
N/A

## II.   PARTIES

A.   Your name (Plaintiff) Michael B. Kingsley

B.   Prisoner I.D. Number 301363

C.   Your address Prairie Du Chein correctional Institution
P.O. Box 9000 Prairie Du Chein, WI 53821
(For additional plaintiffs provide the same information in the same format on a separate page.)

Monroe county Sheriff's Dep't

D.   DEFENDANT (name) Dennis Pedersen.

is employed as Sheriff and Keeper of the Monroe county Jail (M.C.J)

at Sparta, Wisconsin

E.   Additional DEFENDANTS (names and positions): (See attached hereto
hand written complaint page 1 and 2.)

## III.   PREVIOUS LAWSUITS

A.   Have you begun other lawsuits in state or federal court relating to the same facts involved in this action?     YES ☐     NO ☒

B.   Have you begun other lawsuits in state or federal court relating to your imprisonment?     YES ☐     NO ☒

C.   If your answer is YES to either of the above questions, provide the following requested information.

1.   Parties to the previous lawsuit

Plaintiff(s): N/A

Defendant(s): N/A

**STATEMENT OF CLAIM continued**

See attached hereto hand written complaint pages 2 – 9

B.     State briefly your legal theory or cite appropriate authority.

See hand written legal Theory attached hereto . pages 14 – 17

2.   Date filed _____ N/A _____

3.   Court where case filed (if federal court, name district; if state court, name the county) _____ N/A _____

4.   Case number and citation _____ N/A _____

5.   Basic claim made _____ N/A _____
     _____

6.   Current status (for example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____ N/A _____
     _____

7.   If resolved, date of disposition  N/A _____

8.   If resolved, state whether for  N/A _____
                                      (Plaintiff or Defendant)

(For additional cases, provide the above information in the same format on a separate page.)

## IV.    STATEMENT OF CLAIM

A.   State as briefly as possible the facts of your case.  Describe how each named defendant is involved.  Include the names of other persons involved, dates, and places.  Describe specifically the injuries incurred.  Do not give legal arguments or cite cases or statutes.  You may do that in Item "B" below.  If you allege related claims, number and set forth each claim in a separate paragraph.  Use as much space as you need to state the facts.  Attach extra sheets, if necessary.  Unrelated separate claims should be raised in a separate civil action.

_____See attached here to hand written complaint._____

_____pages 2 through 9_____

_____

_____

_____

_____

_____

V.    **RELIEF YOU REQUEST**

State briefly and exactly what you want the court to do for you.  Make no legal arguments.
Do not use this space to state the facts of your claim.  Use it only to request remedies for the
injuries you complain about.

See attached hereto hand written
Claims for Relief pages 10 through 13 in
Plaintiffs complaint

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this 21st day of December, 20 10.

Signature of Plaintiff(s)

*Michael B. Kingsley*

(If there are multiple plaintiffs, each   must
sign the complaint)

Prisoner I.D. Number(s) 301363

Complaint Under the Civil Rights Act        -5-        Page 5

10 C 832 BBC

COMPLAINT WITH JURY DEMAND

## Introduction

2010 DEC 28 AM 8:37

This is a civil rights action filed by Michael Kingsley a state prisoner, for damages and injunctive relief under 42 U.S.C. ss. 1983, alleging excessive use of force in violation of the Fourteenth Amendment to the United States Constitution and confinement in segregation also in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The plaintiff also alleges the torts of Abuse of Residents of Penal Facilities, Assault and battery and Negligence.

## Jurisdiction

1. The court has jurisdiction over plaintiff's claim of Violation of Federal Constitutional rights under 42 U.S.C. ss. ss. 1331(1) and 1343.

2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. ss. 1367

## Parties

3. The plaintiff, Michael Kingsley was a pretrial detainee at the Monroe county Jail (M.C.J) in Sparta, Wisconsin during the events described in this complaint.

4. Defendant Dennis Pedersen is the Sheriff and keeper of the (M.C.J) in Sparta, Wisc. He is sued in his individual and official capacities

5. Defendant Lisa Josvai is the Chief Deputy of the (M.C.J.) in Sparta Wisc. She is sued in her individual and official capacities.

6. Defendant Robert Conroy is the Lieutenant of the (M.C.J.) in Sparta, Wisc. He is sued in his individual and official capacities.

7. Defendant Stan Hendrickson is a Sergeant of the (M.C.J.) in Sparta, Wisc he is sued in his individual and official capacities

8. Defendant Patricia Fish is a Sergeant of the (M.C.J.) in Sparta, Wisc. She is sued in her individual and official capacities

9. Defendant Karl Blanton is a Deputy of the (M.C.J.) in Sparta, Wisc. He is sued in his individual and official capacities

10. Defendant Fritz Degner is a Deputy of the Monroe County Sheriff's Department. in Sparta, Wisc. He is sued in his individual and official capacities

11. All the defendants have acted, and continue to act under color of state law at all times relevant to this complaint.

## Facts

12. On May 21, 2010 the plaintiff was top-locked (confined to his general population cell at (M.C.J.))

13. On May 21, 2010 at about 5:30 a.m. defendant Hendrickson came to plaintiff's cell and awoke

him and asked if he wanted his Medication, plaintiff Kingsley stated he did not want to take his Medication. Defendant Hendrickson stated to the plaintiff that he need to take off the paper thats on the ceiling light cover. Plaintiff stated that he was not the one who put the paper over the light cover therefor he was not going to take it off. Soon thereafter defendant Hendrickson exited the cell block.

14. Sometime shortly thereafter, defendant Conroy came to plaintiff's cell and awoke the plaintiff and stated that the paper needed to some off the light cover. Plaintiff stated to defendant Conroy that the paper has been affixed to the light cover before he was placed in that cell, and that he was not going to attempt to jump off the cell bed and reach and grab the paper off the light cover. Plaintiff Kingsley stated to defendant Conroy that he should attempt to jump off the cell bed and grab the paper off the light cover. Defendant Conroy stated he would do so, but for doing so Plaintiff would be facing disciplinary action. Defendant Conroy soon thereafter exited the cell block.

## Misuse of Force

15. Shortly after these events defendant Hendrickson

returned to plaintiff Kingsley's cell accompanied by defendants, Blanton, Conroy, and Degner.

16. Defendant Hendrickson told the plaintiff to get up and put his hands behind his back.

17. Plaintiff asked Why? What for? And that he did not do anything wrong. Plaintiff was laying prone face down on the cell bed and noticed that defendant Degner held a Tazer/Stun gun in his hand and had it pointed at the plaintiffs face through the cell bars. Plaintiff Kingsley stated to the defendants that he did not want to get shot by the tazer.

18. Defendant Conroy told plaintiff Kingsley that he was going to receiving (Segregation) cell for disobeying orders, and to place his hands behind his back.

19. Plaintiff placed his hands behind his back and the defendants opened plaintiffs cell door and defendants Blanton, Degner, and Hendrickson entered the cell. Defendant Blanton held and pinned plaintiffs feet to the cell bed. Defendant Degner was next to defendant Blanton holding Tazer pointed at the plaintiff. Defendant Hendrickson pinned his knee into plaintiffs back causing plaintiff pain and discomfort and placed handcuffs on the plaintiff, extremely tight.

20. Defendants Blanton and Hendrickson then in a pulling and dragging motion pulled plaintiff Kingsley off the cell bed and when doing so caused the plaintiff's feet to slam against the cells bed frame causing plaintiff extreme pain and discomfort. Plaintiff Imediately went to his knees and complained that his foot was hurting.

21. Defendants told plaintiff to get up and walk or they would drag him. Plaintiff Stated that he could not walk.

22. Defendants Blanton and Hendrickson then dragged plaintiff Kingsley through the cell block.

23. Defendants Blanton and Hendrickson then placed plaintiff Kingsley face down prone outside of the cell block in the Jail's hall way. Plaintiff repeatedly complained to defendants that his foot was hurting.

24. Defendants Blanton and Hendrickson then grabed plaintiff's arms and defendants conroy and Degner grabed plaintiff's feet and carried plaintiff to Segregation.

25. Defendants Blanton, conroy, Degner, and Hendrickson placed plaintiff Kingsley face down prone on Segregation bed. Defendant Blanton held and pinned plaintiffs feet to cell bed causing plaintiff extreme pain and discomfort.

26. Defendant Hendrickson pinned his knee into plaintiff Kingsley back causing plaintiff intense pain and discomfort and when doing so it caused plaintiff to lift his head. Defendant Hendrickson then shoved plaintiff's head down into the concreat segregation cell bed causing plaintiff pain and discomfort. Defendant Hendrickson seemed to be making an attempt to take the handcuffs off the plaintiff and when doing so defendant Hendrickson made the handcuffs tighter.

27. Plaintiff Kingsley then yelled out, "Get the fuck off me!" Plaintiff then heard defendant Hendrickson state, "Taze his ass!" Without any warnings, defendant Degner shot plaintiff Kingsley with a Tazer/stun gun and caused plaintiff excruciating pain and discomfort.

28. Defendants then exited the segregation cell and left plaintiff laying helplessly with the handcuffs secured extremely tight behind plaintiff Kingsley's back for what seemed to be 30 to 45 minutes.

29. Defendants at some point reentered the segregation cell and took the handcuffs off the plaintiff.

30. Sometime thereafter plaintiff Kingsley became conscious and noticed that his hands and wrist were discolored, cold, and tingling. Plaintiff was still feeling pain in his wrists and also feeling some pain in his right foot.

31. Sometime thereafter the jail's nurse offered

to examine plaintiff Kingsley. At that time plaintiff was agitated and did not want to deal with any jail officials and refused to be examined. The nurse soon thereafter left.

### Denial of Due Process

32. The next day, May 22, 2010 Defendant Fish came to the segregation cell where plaintiff Kingsley was housed and served plaintiff with a Monroe County jail inmate Major Violation report charging the plaintiff with failure to follow orders, resisting, disorderly conduct, and causing jail disruption based on the above described events.

33. Plaintiff asked defendant Fish if she would explain. Defendant Fish stated that she would be conducting the disciplinary hearing regarding the above said allegations. Defendant Fish then stated that based on the incident reports and talking with defendant Conroy she was going to give the plaintiff (10) ten days in receiving (segregation)

34. Plaintiff Kingsley then stated to defendant Fish whats the purpose of having such a hearing when you just stated you were going to give me (10) ten days. Defendant Fish again stated based on incident reports she felt (10) ten days of segregation was appropriate.

35. Plaintiff Kingsley then asked defendant Fish

for copies of the mentioned incident reports. Defendant Fish stated that she was in the process of doing an "edit" of the reports and that plaintiff could have a copy once she was done.

36. Defendant Fish then stated that the plaintiff need to place his initials on the line, to waive the hearing or to have the hearing. Plaintiff handed the Monroe county Jail Inmate Major Violation report back to defendant Fish and stated to the defendant that he did not understand his hearing rights. Plaintiff Kingsley asked defendant Fish if she knew the policy and procedures of conducting hearings defendant Fish replied, "Do you!" Defendant Fish then left the segregation area where plaintiff was housed.

37. Plaintiff soon thereafter seen defendant fish walking in the jail hallway and requested to speak to her. Defendant Fish approached plaintiff's cell. Plaintiff stated he wanted to have a disciplinary hearing. Defendant fish stated you refused. Plaintiff stated he did not refuse. Defendant fish stated the (10) days stands. Plaintiff Kingsley stated that he wanted to appeal. Defendant fish soon thereafter left.

38. Some time shortly thereafter defendant Fish returned to plaintiffs cell and stated defendant

Josvai would be conducting your disciplinary appeal sometime tomorrow morning.

39. The next day, May 23, 2010 at about 7:30 a.m. defendant Josvai approached plaintiff Kingsley's segregation cell and introduced herself. At that time plaintiff handed the defendant a hand written inmate complaint/Grievance form regarding Jail staff using excessive force.

40. Defendant Josvai stated that purpose of her conducting the appeal was to determine, if the (10) ten days of segregation was appropriate. Defendant stated if she could she would give the plaintiff (40) fourty days of segregation.

41. Plaintiff Kingsley made an earnest attempt to plead his appeal to defendant Josvai regarding his claims of being unable to call witnesses that were hased in the same cell block, not being able to have access to the incident reports as well as pointing out that the written disposition did not explain the reasons for defendant fish's finding of guilt.

42. Defendant Josvai made it clear to the plaintiff that her only intentions were to inforce defendant fish's findings. Defendant Josvai soon thereafter left the segregation area where plaintiff was housed.

## Exhaustion of Administrative Remedies

43. The Plaintiff has exhausted his remedies with respect to all claims in this Matter.

## Claims For Relief

44. The actions of defendants Blanton, Conroy, Degner, and Hendrickson in using physical force against the plaintiff Without need or provocation, or in failing to intervene to prevent the Misuse of force, Were done Maliciously and Sadistically and Constituted punishment in Violation of the Fourteenth Amendment of the United States constitution.

45. The actions of defendants Blanton, Conroy, Degner, and Hendrickson in using physical force against the plaintiff Without need or provocation constituted the tort of Assault and Battery, and Abuse of residents of Penal facilities. Chapter 940 of Wisconsin Statutes State law.

46. The failure of defendants, Pedersen, Josvai, and Conroy to take disciplinary or other action to curb the Known pattern of physical abuse of inmates by defendants constitues deliberate indifference to the plaintiff's and other prisoners'/Detainees safety, and contributed to and proximately caused the above described Violation of fourteenth Amendment rights and assault and battery, and abuse of residents of penal facilities under state law of Wisconsin.

47. The actions of defendants, Fish, and Josvai

in refusing to call the witnesses requested by the plaintiff, finding him guilty of failure to follow orders, resisting, disorderly conduct, and causing jail disruption with no evidence to support the charges, and providing an inadequate written disposition of the charges, and for defendant Josvai for upholding the disciplinary decision, denied the plaintiff due process of law in violation of the Fourteenth Amendment to the United States Constitution

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The physical abuse of the plaintiff by defendants Blanton, Conroy, Degner, and Hendrickson violated the plaintiff's rights under the Fourteenth Amendment to the United States Constitution and constituted an assault and battery and abuse of residents of penal facilities under state law of Wisconsin.

2. Defendants Pedersen, Josvai, and Conroy for failure to take action to curb the physical abuse of prisoners / Detainees violated the plaintiff's rights under the Fourteenth Amendment to the United States Constitution and constituted an assault and battery and abuse of residents of penal facilities under state law of Wisconsin.

3. Defendants Fish, and Josvai actions in conducting

the plaintiff's disciplinary hearing, and sustaining it,
Violated the plaintiff's rights under the Due Process
Clause of the Fourteenth Amendment to the United
States Constitution.

B. Issue an injunction ordering defendant Pedersen, or
his agents to:

1. Immediately create formal policies and procedures
With directives or instructions for use of force and the
use of tazer/stun guns on prisoners/detainees.

2. Immediately create formal policies and procedures
With directives or instructions on cell entrance and
cell extractions of prisoners/detainees

3. Immediately create formal policies and procedures
With directives or instructions for Due Process disciplinary
rights for prisoners/detainees

4. Immediately create formal policies and procedures
With directives or instructions for an inmate complaint
System.

C. Issue an injunction ordering defendant Pedersen, or
his agents to:

1. Expunge the disciplinary convictions described
in this complaint from plaintiff's Jail record.

D. Award compensatory damages in the following
amounts:

1. $150,000 jointly and severally against defendants
Pedersen, Josvai, Conroy, Hendrickson, Blanton, and Degner.

for the physical and emotional injuries and pain sustained as a result of the defendants use of excessive force on the plaintiff

   2. $10,000 jointly and severally against defendants Fish and Josvai for the punishment, including deprivation of liberty and amenity, and emotional injury resulting from their denial of due process in connection with the plaintiff's disciplinary proceeding.

E. Award punitive damages in the following amounts:

   1. $25,000 each against defendants Pedersen, Josvai, Conroy, Hendrickson, Blanton, and Degner

   2 $10,000 each against defendants Fish and Josvai

F. Grant such other relief as it may appear that plaintiff is entitled.


I declare under penalty of perjury that the foregoing is true and correct.


Complaint signed this 21st day of December, 2010

            Michael B. Kingsley
            – Pro se –

Use of Force
## Legal Theory

The scope of an individual's right to be free from punishment and, derivatively, the basis for an excessive force action brought under ss. 1983 hinges on his status within the criminal justice system. See Brown V. Budz, 398 F.3d 904, 910 (7th cir 2005); Wilson V. Williams, 83 F.3d 870, 875 (7th cir 1996)

Pretrial detainees, by contrast, have not been convicted or sentenced and thus are not yet "punishable" under the law. See Bell V. Wolfish, 441 U.S. 520, 535, 99 S.Ct 1861, 60 L.Ed. 2d 447 (1979) ("[A pretrial] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.") This means that pretrial detainees "may not be 'punished' by the state in any way." Wilson, 83 F.3d at 875 (emphasis added). As such, pretrial detainees couch excessive force claims as violations of their Fourteenth Amendment rights to due process, not infringements on the Eighth Amendment's ban on cruel and unusual punishment. See Brown, 398 F.3d at 910; Butera V. Cottey, 285 F.3d 601, 605 (7th cir 2002); Pardue ex rel. Estate of Cole V. Fromm, 94 F.3d 254, 259 n.1 (7th cir 1996) See Graham V. Connor, 490 U.S. 386, 394 109 S.Ct 1865, 104 L.Ed. 2d 443 (1989) (noting that analysis of excessive force claims brought pursuant to ss. 1983 "begins by identifying the specific constitutional right allegedly

infringed")

At the time of relevant events, Kingsley Was a pretrial detainee who was booked into the Monroe county jail in Sparta, Wisconsin on drug charges and placed on a probation hold on April 21, 2010 awaiting an adjudication in accordance with due process of law. Therefore, Cloaked with the Fourteenth Amendment's broader protections against punishment, "in any way" See Wilson, 83 F.3d at 875

## Deliberate Indifference

### Legal Theory

In some contexts, such as claims of deliberate indifference to demonstrate that the county is liable for harmful custom or practice, the plaintiff Must show that county policy makers were "deliberate indifference" as to [the] Known or obvious consequences. See City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197 (1989); Gable V. City of Chicago, 296 F.3d 531, 537 (7th cir 2002) in other words, they Must have been aware of the risk created by the custom or pratice, and Must have failed to take appropriate steps to protect the plaintiff Id. Therefore, in situations where rules or regulations are required to remedy a potentially dangerous practice, the county's failure to make a policy is also actionable

See Sims V. Mulcahy, 902 F.2d 524, 543 (7th cir 1990) (quoting Jones V. City of chicago, 787 F.2d 200,204 -05 (7th cir 1986) The plaintiff Must demonstrate that there is a policy at issue, rather than a random event. This May take the form an Implicit policy or a gap in an expressed policies. See Phelan V. cook county, 463 F.3d 773, 790 (7th cir 2006) (citing calhoun V. Ramsey, 408 F.3d 375, 380 (7th cir 2005)

When looking at the sequence of events that have taken place Kingsley does believe there are policies and procedures at issue or lack of, that create a risk of Violation of constitutional rights that are obvious, or risks that the defendants should have known about

## Disciplinary Due Process
## Legal Theory

The scope of an individual's right to due process is the right to notice and an opportunity to be heard "at a Meaningful time and in a Meaningful Manner." See Hamdi V. Rumsfeld, 542 US 507, 533, 124 S.Ct. 2633 (2004); Logan V. Zimmerman Brush Co., 455 US 442, 437, 102 S.Ct. 1148 (1982) (Citation omitted); See Goss V. Lopez, 419 U.S. 565, 579, 95 S.Ct. 729 (1975) and cases cited.

Kingsley's belief is that the proper avenue to pursue in regards to pretrial detainee disciplinary due process is the Bell v. Wolfish analysis. As it appears the Seventh circuit has holdings that encompass this. See Rapier v. Harris, 172 F.3d 999, 1004-05 (7th cir 1999); Holly v. Woolfolk, 415 F.3d 678, 679-80 (7th cir 2005) (noting holdings that "any nontrivial punishment of a person not yet convicted [is] a sufficient deprivation of liberty to entitle him to due process of law"); Rapier v. Harris, 172 F.3d at 1005 (applying Bell v. Wolfish punishment analysis to due process claim.)

-17.-