UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

MICHAEL B. KINGSLEY,

        Plaintiff,

vs.

LISA JOSVAI, PATRICIA FISH, ROBERT CONROY, STAN HENDRICKSON, FRITZ DEGNER, and KARL BLANTON,

        Defendants.

Case No. 10-CV-832

### ANSWER AND AFFIRMATIVE DEFENSES

Defendants Lisa Josvai, Patricia Fish, Robert Conroy, Stan Hendrickson, Fritz Degner, and Karl Blanton, by their attorneys, Whyte Hirschboeck Dudek S.C., respond to plaintiff's Complaint as follows:

### I. PLACE OF PRESENT CONFINEMENT

Answering Section I of the Complaint, defendants deny the allegations set forth therein, except they admit that plaintiff filed complaints while he was incarcerated in the Monroe County Jail and deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff filed an "injury claim" with the Attorney General of the State of Wisconsin.

### II. PARTIES

Answering Section II of the Complaint, defendants deny the allegations set forth therein, except they admit that plaintiff's name is Michael B. Kingsley and that plaintiff brings claims against the named defendants, and they deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff's prisoner identification number was 301363 when he was in the custody of the Wisconsin Department of Corrections.

### III. PREVIOUS LAWSUITS

Answering Section III of the Complaint, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### IV. STATEMENT OF CLAIM

#### A.

1-1. Answering the "Introduction" to the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except they admit that plaintiff purports to so proceed.

1-2. Answering paragraph 1 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants admit the allegations set forth therein.

2. Answering paragraph 2 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants admit the allegations set forth therein.

3. Answering paragraph 3 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that plaintiff was a pretrial detainee incarcerated at the Monroe County Jail in Sparta, Wisconsin, on May 21-23, 2010.

4. Answering paragraph 4 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Dennis Pedersen was the Sheriff of Monroe County on May 21-23, 2010 and affirmatively assert that this Court has dismissed Dennis Pedersen as a defendant to this action.

5. Answering paragraph 5 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except

defendants admit that Lisa Josvai is the Chief Deputy Sheriff of Monroe County and that plaintiff purports to sue her in both her individual and official capacities.

6. Answering paragraph 6 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Robert Conroy is a Lieutenant in the Monroe County Sheriff's Department and that plaintiff purports to sue him in both his individual and official capacities.

7. Answering paragraph 7 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Stan Hendrickson is a Sergeant in the Monroe County Sheriff's Department and that plaintiff purports to sue him in both his individual and official capacities.

8. Answering paragraph 8 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Patricia Fish is a Sergeant in the Monroe County Sheriff's Department and that plaintiff purports to sue her in both her individual and official capacities.

9. Answering paragraph 9 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Karl Blanton is a Deputy Sheriff in the Monroe County Sheriff's Department and that plaintiff purports to sue him in both his individual and official capacities.

10. Answering paragraph 10 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Fritz Degner is a Deputy Sheriff in the Monroe County Sheriff's Department and that plaintiff purports to sue him in both his individual and official capacities.

11. Answering paragraph 11 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants assert that the allegations set forth therein

constitute conclusions of law to which no response is required; in the event a response is deemed necessary, defendants admit that defendants acted under color of state law in their interactions with plaintiff on May 21-23, 2010 and deny any remaining allegations set forth therein.

12. Answering paragraph 12 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that plaintiff was incarcerated in a general population cell block in the Monroe County Jail on May 21, 2010.

13. Answering paragraph 13 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Sgt. Hendrickson spoke to plaintiff in his cell as he was conducting medication rounds at or about 5:30 a.m. on May 21, 2010, that Sgt. Hendrickson directed plaintiff to remove the paper that was covering the ceiling light in his cell, and that plaintiff refused.

14. Answering paragraph 14 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Lt. Conroy came to plaintiff's cell on the morning of May 21, 2010, directed plaintiff to remove the paper that was covering the ceiling light in his cell, and eventually stated to plaintiff that, if plaintiff would not remove the paper, he (Conroy) would do so.

15. Answering paragraph 15 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that, after plaintiff repeatedly refused to remove the paper that was covering the ceiling light in his cell, Lt. Conroy, Sgt. Hendrickson, and Sheriff's Deputies Blanton and Degner returned to plaintiff's cell.

16. Answering paragraph 16 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants admit the allegations set forth therein.

17. Answering paragraph 17 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Sheriff's Deputy Degner held a taser as he and Lt. Conroy, Sgt. Hendrickson, and Sheriff's Deputy Blanton stood at plaintiff's cell.

18. Answering paragraph 18 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Lt. Conroy informed plaintiff that he was going to be moved to a receiving cell and that he needed to place his hands behind his back.

19. Answering paragraph 19 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit the plaintiff initially placed his hands behind his back, that Sgt. Hendrickson and Sheriff's Deputies Blanton and Degner entered plaintiff's cell, that Sheriff's Deputy Blanton restrained plaintiff's feet, that Sgt. Hendrickson tried to handcuff plaintiff, that Sheriff's Deputy Degner was holding a taser as plaintiff was being handcuffed, and that, despite resistance by plaintiff, Sgt. Hendrickson was eventually able to place handcuffs on plaintiff.

20. Answering paragraph 20 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein.

21. Answering paragraph 21 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein.

22. Answering paragraph 22 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that plaintiff had to be carried from his cell because he refused to walk.

23. Answering paragraph 23 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that plaintiff was carried from his cell to the main hallway outside of his cell block, where he was momentarily laid face down on the floor, and that plaintiff complained that one of his feet hurt, and defendants affirmatively allege that plaintiff refused to identify which foot was hurting and how or why the foot hurt.

24. Answering paragraph 24 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that plaintiff was carried from the main hallway outside of his cell block to a receiving cell.

25. Answering paragraph 25 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that plaintiff was placed face down on the bed in a receiving cell and that Sheriff's Deputy Blanton restrained plaintiff's feet while Sgt. Hendrickson attempted to remove plaintiff's handcuffs.

26. Answering paragraph 26 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Sgt. Hendrickson attempted to remove the handcuffs from plaintiff once he was placed in the receiving cell.

27. Answering paragraph 27 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Sheriff's Deputy Degner used a taser once on plaintiff after he was placed in the receiving cell due to resistance by plaintiff.

28. Answering paragraph 28 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Lt. Conroy, Sgt. Hendrickson, and Sheriff's Deputies Degner and Blanton exited the receiving cell and that plaintiff was still handcuffed when they did so.

29. Answering paragraph 29 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Lt. Conroy returned to the receiving cell to remove plaintiff's handcuffs.

30. Answering paragraph 30 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein.

31. Answering paragraph 31 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that plaintiff was monitored by the Monroe County Jail nurse after he was placed in the receiving cell and that plaintiff refused any medical attention.

32. Answering paragraph 32 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that on May 22, 2010, Sgt. Fish discussed with plaintiff a Monroe County Jail Inmate Major Violation Report charging plaintiff with failure to follow lawful orders, resisting, disorderly conduct, and causing jail disruption in connection with the events of May 21, 2010.

33. Answering paragraph 33 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Sgt. Fish indicated to plaintiff that she would be conducting the disciplinary hearing, if he requested one, regarding the events of May 21, 2010.

34. Answering paragraph 34 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein.

35. Answering paragraph 35 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except defendants deny that Sgt. Fish told plaintiff that she was editing the incident reports.

36. Answering paragraph 36 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Sgt. Fish requested that plaintiff indicate on the Inmate Major Violation Report whether or not he wished to have a disciplinary hearing and that plaintiff refused to do so.

37. Answering paragraph 37 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

38. Answering paragraph 38 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

39. Answering paragraph 39 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Chief Deputy Sheriff Josvai approached plaintiff's cell at approximately 7:30 a.m. on May 23, 2010 to conduct an appeal hearing regarding plaintiff's discipline as a result of the events of May 21, 2010.

40. Answering paragraph 40 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein, except defendants admit that Chief Deputy Sheriff Josvai indicated to plaintiff that the purpose of the appeal hearing was to determine if the discipline imposed as a result of the events of May 21, 2010 (ten days in the receiving cell) was appropriate.

41. Answering paragraph 41 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein.

42. Answering paragraph 42 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein.

43-1. Answering paragraph 43 of the Statement of Claim set forth on pages 1-9 of the handwritten portion of the Complaint, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

**B.**

43-2. Answering the paragraphs set forth on pages 14-17 of the handwritten portion of the Complaint constituting plaintiff's "Legal Theory," defendants assert that the allegations set forth therein constitute legal conclusions to which defendants no response is required; in the event a response is deemed necessary, defendants deny said allegations, except defendants admit that plaintiff was incarcerated in the Monroe County Jail on May 21, 2010 as a pretrial detainee.

**V. REQUESTED RELIEF**

43. Answering paragraph 44 of the Claims for Relief set forth on pages 10-13 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein.

44. Answering paragraph 45 of the Claims for Relief set forth on pages 10-13 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein.

45. Answering paragraph 46 of the Claims for Relief set forth on pages 10-13 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein.

46. Answering paragraph 47 of the Claims for Relief set forth on pages 10-13 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein.

47. Answering the remaining paragraphs of the Claims for Relief set forth on pages 10-13 of the handwritten portion of the Complaint, defendants deny the allegations set forth therein.

## VI. AFFIRMATIVE DEFENSES

1. As an affirmative defense, the Complaint fails to state a cause of action with respect to defendants.

2. As an affirmative defense, defendants at all times acted in good faith and are entitled to qualified immunity.

3. As an affirmative defense, plaintiff's claims may be barred under the Prison Litigation Reform Act by a failure to exhaust all administrative remedies prior to bringing suit.

4. As an affirmative defense, plaintiff's claim under Wisconsin law may be barred by his failure to comply with the notice of claim and claim procedures of Wis. Stat. § 893.80(1).

5. As an affirmative defense, plaintiff's claim under Wisconsin law is subject to the limitation on damages set forth in Wis. Stat. § 893.90(3).

6. As an affirmative defense, plaintiff's claim under Wisconsin law against defendants in their official capacities is barred under Wis. Stat. § 893.80(4).

7. As an affirmative defense, defendants are entitled to immunity from suit under Wis. Stat. § 893.80(4) with respect to plaintiff's claim under Wisconsin law.

8. As an affirmative defense, with respect to plaintiff's claim under Wisconsin law, defendants used no more force than was reasonably necessary under the circumstances.

9. As an affirmative defense, plaintiff may not have mitigated his damages.

## VII. PRAYER FOR RELIEF

WHEREFORE, defendants demand judgment dismissing the Complaint against them on its merits and with prejudice and an order granting them their attorneys' fees and costs in

defending this litigation, together with such other and further relief as this Court deems just and appropriate.

| | |
|---|---|
| Dated this 25th day of February, 2011. | s/ Andrew A. Jones |

Dated this 25th day of February, 2011.

s/ Andrew A. Jones
Andrew A. Jones
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, WI 53202-3819
(414) 271-2300 Phone
(414) 223-5000 Fax
ajones@whdlaw.com

Attorneys for Defendants