IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Michael B. Kingsley,
    Plaintiff

v.                                               10-CV-832-bbc

Lisa Josvai, et. al
    Defendants

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

This is a civil rights case filed under 42 U.S.C. SS. 1983 by an Inmate/pretrial detainee asserting claims for the unconstitutional misuse of force, the denial of due process in subsequent disciplinary proceedings, and the pain and injuries inflicted during the misuse of force. The plaintiff seeks damages as to all claims and an injunction to ensure proper policies and procedures and expungement of his disciplinary convictions.

### Statement of Facts

The complaint alleges that the plaintiff was assaulted by several jail officers, receiving pain and injuries including being shot with a tazer/stun gun. The plaintiff was convicted at a disciplinary hearing of failure to follow orders, resisting, disorderly conduct, and causing jail disruption. The hearing officer denied to hold a hearing and,

convicted the plaintiff of all charges despite the complete lack of any evidence, the hearing officer's written report stated guilty as charged, and refused, with no further explantion. The Chief Deputy denied the disciplinary appeal.

## Argument

The court should Appoint counsel for The Plaintiff

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." See Abdullah v. Gunter, 949, F.2d 1032, 1035 (8th cir 1991) (citation omitted) In addition, courts have suggested that the most important factor is whether the case appears to have merit. See Carmona v. U.S. Bureau of prisons, 243, F.3d 629, 632 (2nd cir 2001) Each of these factors weighs in favor of appointment of counsel in this case.

1. Factual Complexity. The plaintiff alleges that several jail officers physically abused him, while others stood by and watched. He also asserts that certain supervisors were on notice and did nothing about it. Finally, he claims denial of due process by a disciplinary hearing officer and Chief Deputy.

-2-

The numerous claims and defendants make this a factually complex case.

In addition, one of the plaintiff's claims involves pain and injuries; It will probably be necessary to present Medical expert witness or to cross-examine Medical witnesses called by the defendants; or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel Jackson v. County of McLean, 953, F.2d 1070, 1073 (7th Cir 1992); Moore v. Mabus, 976. F.2d 268, 272 (5th cir 1992); Montgomery v. Pinchak, 294 F.3d 492, 503-04 (3rd cir 2002)

2. The Plaintiff's Ability To Investigate. The plaintiff is incarcerated and has no ability to ivestigate the facts. For example, he is unable to identify, locate, and interview inmates who were housed in nearby cells and who saw some of the misuse of force. He is in the same situation with regard to developing the facts as an inmate/pretrial detainee who has been transferred to a different institution, a factor that several courts have cited in appointing counsel. See Tucker v. Randall, 948 F.2d 288, 391-92 (7th cir 1991); Gatson v. Coughlin, 679 F.Supp. 270, 273 (W.D. N.Y. 1988) In addition, this case will require considerable discovery the officers' reports and statements

about the incident, any prior history of misuse of force by the officers, See Parham v. Johnson, 126 F.3d 454, 459 (3rd Cir 1997)(holding counsel should have been appointed because "Prisoner's lack of legal experience and the complex discovery rules clearly put him at a disadvantage in countering the defendant's discovery tactics... these [discovery] rules prevented [the Plaintiff] from presenting an effective case below")

3. Conflicting Testimony. The plaintiff's account of the misuse of force by officers is squarely in conflict with the statements of the officers. This aspect of the case will be a credibility contest between the defendants and the plaintiff (and such inmate witnesses as can be located). The existence of these credibility issues support the appointment of counsel. Steele v. Shah, 87, F.3d 1266, 1271 (11th Cir 1996); Gatson v. Coughlin, 679, F. Supp. at 273.

4. The ability of the indigent to present his claim. The plaintiff is an indigent inmate with no legal training, a factor that supports the appointment of counsel. See Forbes v. Edgar, 112, F.3d 262, 264 (7th Cir 1997) In addition he has very limited access to legal materials. Rayes v. Johnson, 969 F.2d 700, 703-04 (8th Cir 1992)

(citing lack for ready access to a law library as a factor supporting appointment of counsel)

5. Legal Complexity. The large number of defendants, some of whom are supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable. See Hendricks v. Coughlin, 114 F.3d 390, 394 (2d Cir 1997) (holding complexity of supervisory liability supported appointment of counsel). In addition, plaintiff has asked for a jury trial which requires much greater legal skill than the plaintiff has or can develop. See Solis v. County of Los Angeles, 514 F.3d 946, 958 (9th Cir 2008)(Prisoner with eighth grade education and no legal training is "ill-suited" to conduct a jury trial)

6. Merit Of The Case. The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The unprovoked and injurious misuse of force, and being shot with a tazer/stun gun alleged in the complaint clearly states a fourteenth Amendment violation. See Lewis v. Downey, 581 F.3d 467 (7th Cir 2009) The unjustified denial of witnesses, conviction of a disciplinary offense with no supporting evidence, and the failure to give a

meaningful statement of reasons for the decisions are all violations of clearly established due process principles see Ponte v. Real, 471, U.S. 491, 497, 105 S.ct. 2192 (1985); Superintendent v. Hill, 472 U.S. 445, 457, 105 S.ct. 2768 (1985); Wolff v. McDonnell, 418 U.S. 539, 559, 94 S.ct 2963 (1974) on its face, then, this is a meritorious case.

Conclusion

For the foregoing reasons, the court should grant the plaintiff's motion and appoint counsel in this case.

Signed this 12th day of May 2011

*Michael B. Kingsley*
Michael B. Kingsley
-Pro-Se-