IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL B. KINGSLEY,
    Plaintiff,

V.                        Case No: 10-CV-832

LISA JOSVAI et al.,
    Defendants,

## DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

MICHAEL B. KINGSLEY states:

1. I am the plaintiff in this case. The complaint alleges that I was assaulted by Jail staff, convicted of serious disciplinary charges and punished without due process of law. I submit this declaration in support of my motion for partial summary judgment on my claim of denial of due process.

2. I am a pre-trial detainee at Monroe County Jail. On May 21, 2010 I was assaulted by Jail staff, as set forth in my complaint at paragraphs 15-31

3. As a result of the ~~March~~ May 21, 2010 incident, I was served with disciplinary charges for failure to follow orders, resisting, disorderly conduct, and causing Jail disruption. I was immediately placed in segregation.

-1-

4. On May 22, 2010 Defendant Fish came to the plaintiff's Segregation cell and served him with a Monroe County Jail Inmate Major Violation report.

5. Plaintiff asked Defendant Fish if she would explain. Defendant Fish stated that she would be conducting the disciplinary hearing. Defendant Fish then stated based on the incident reports and talking with Defendant Conroy, she was going to give the plaintiff (10) ten days in receiving (Segregation).

6. Plaintiff, then stated to defendant Fish whats the purpose of having such a hearing when you just stated you were going to give me (10) ten days. Defendant Fish again stated based on incident reports she felt (10) ten days of Segregation was appropriate.

7. Plaintiff, then asked Defendant Fish for copies of the mentioned incident reports. Defendant Fish stated that she was in the process of doing an "edit" of the reports and that plaintiff could have a copy once she was done.

8. Defendant Fish then stated that the plaintiff needed to place his initials on the line to waive the hearing or to have the hearing. Plaintiff handed the Monroe County Jail Inmate Major Violation report back to defendant Fish and stated to the defendant that he did not understand his hearing rights. Plaintiff asked defendant Fish if she knew the

policy and procedures of conducting hearings. Defendant Fish replied, "Do You!" Defendant Fish then left the segregation area where plaintiff was housed

9. Plaintiff soon thereafter seen defendant Fish walking in the jail hallway and requested to speak to her. Defendant Fish approached plaintiff's cell. Plaintiff stated he wanted to have a disciplinary hearing. Defendant Fish stated you refused. Plaintiff stated he did not refuse. Defendant Fish stated the (10) ten days stands. Plaintiff stated that he wanted to appeal. A copy of the Monroe County Jail Inmate Major Violation Report that Defendant Fish submitted is attached to this affidavit as Exhibit 1

10. On May 23, 2010 Defendant Josvai approached plaintiff's segregation cell and introduced herself. Defendant Josvai stated that the purpose of her conducting the appeal was to determine if the (10) ten days of segregation was appropriate. Defendant stated if she could she would give the plaintiff (40) fourty days of segregation.

11. Plaintiff made an earnest attempt to plead his appeal to defendant Josvai regarding his claims of being unable to call witnesses that were housed in the same cell block, not being able to have access to the incident reports as well as pointing out that the written disposition did not explain the reasons for defendant fish's finding of guilt

See the bottom half of Exhibit 1 Defendant Fish X marks the offense was committed as charged with no other explanation

12. Defendant Josvai made it clear to the plaintiff that her only intentions were to inforce defendant Fish's findings. Defendant Josvai soon thereafter left the segregation area where plaintiff was housed. A copy of the Major Discipline Appeal is attached to this affidavit as Exhibit 2 also attached is a copy of the Monroe county Jail Directives, Procedures, and orders regarding Inmate Discipline as Exhibit 3.

13. For the reasons stated in the brief submitted with this motion, these undisputed facts establish that Defendants' Fish and Josvai denied my right to the due process of law. Accordingly, I am entitled to summary judgment on my due process claim.

Pursuant to 28 U.S.C. SS 1746. I declare under penalty of perjury that the foregoing is true and correct

Dated this 8th day of July 2011

*Michael B. Kingsley*
Michael B. Kingsley
Monroe County Jail
210 West Oak St
Sparta, WI 54656