### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WISCONSIN

MICHAEL B. KINGSLEY,

               Plaintiff,

      vs.                              Civil Action No. 10-CV-832

LISA JOSVAI, PATRICIA FISH, ROBERT
CONROY, STAN HENDRICKSON, FRITZ
DEGNER AND KARL BLANTON,

               Defendants.

---

### PLAINTIFF'S MOTION FOR RELIEF FROM FED. R. CIV. P. 26(b)(4)(E) AND MOTION TO COMPEL PRODUCTION OF MATERIALS CONSIDERED AT LEAST FIVE DAYS PRIOR TO DEPOSITION

Defendants have demanded that Plaintiff, who is indigent, pay the deposition fee of Defendants' expert, John G. Peters Jr., Ph.D., before he will submit to a deposition. Plaintiff respectfully requests the Court to: (1) reverse Fed. R. Civ. P. 26(b)(4)(E)'s presumption that Plaintiff pay Dr. Peters' deposition fees, and shift these costs to Defendants; and (2) order Defendants to produce Dr. Peters at a deposition whether or not he has been paid in advance.

In addition, many of the materials that Dr. Peters considered in forming his opinions do not appear to be publicly available. Defendants have not produced these materials despite the fact that a previously scheduled deposition was only days away, and Defendants have not followed through with earlier statements that they would do so. Plaintiff therefore moves the Court to compel Defendants to produce the materials that Dr. Peters considered in forming his opinions, as disclosed in his two expert reports, at least five days before his deposition.

1

## MOTION FOR RELIEF FROM FED. R. CIV. P. 26(b)(4)(E)

I.      **Facts**

This is a § 1983 case which Plaintiff, Mr. Kingsley, originally prosecuted *pro se*.  It is

undisputed that Mr. Kingsley is indigent.  (Dkt. 2.)  Plaintiff's counsel was appointed to

represent Mr. Kingsley after the Court denied Defendants' motion for summary judgment.  (Dkt.

77.)  To date, Defendants have served a report and supplemental report by Dr. Peters, and Mr.

Kingsley has served a report by Mr. Landers.  After the Court approved counsel's request for

payment, the Western District Bar Association's Pro Bono Fund will pay fees for Mr. Landers'

initial services in evaluating the case and preparing a report.  The fees for Dr. Peters' services in

evaluating the case and preparing a report are presumably being paid by the insurance carrier of

Defendants' employer.

Defendants have stated that Dr. Peters requires a flat $2000 fee in advance of his

deposition.  On August 23, 2012, Plaintiff requested that Defendants pay Dr. Peters' fees for the

deposition, on the grounds that Plaintiff is indigent and to require him to pay the fees would

result in "manifest injustice," a condition for relief under Rule 26(b)(4)(E).  (Ex. A at 3.)

Defendants declined to do so.  (Ex. A at 13.)  The parties have had several communications

about this issue and have not been able to reach agreement.[1]  (Ex. A at 3, 9, 13, 15, 16; oral

communication Aug 27.)

---

[1] Dr. Peters' deposition was originally scheduled for September 4, and discovery is scheduled to
close September 7.  Because the Court will not be able to resolve this motion by September 7,
Defendants agreed to make Dr. Peters available for deposition after that date in the event
Plaintiff's counsel still want to conduct the deposition after the Court's ruling.  The trial is
scheduled to begin October 9.  Plaintiff respectfully requests the Court to place this motion on
the calendar as soon as possible in order to resolve the issue before trial.

2

## II.   Argument

### A. Plaintiff's indigency presents a "manifest injustice" that justifies relieving Plaintiff from Fed. R. Civ. P. 26(b)(4)(E)

Although the default rule is that the party taking an expert deposition pay the expert witness's deposition fees, a court is authorized to shift fees if "manifest justice would result." Fed. R. Civ. P. 26(b)(4)(E).   Courts have determined that indigency, impoverishment, insolvency, or "undue hardship" constitute "manifest injustice" sufficient to shift responsibility for fees. *See Reed v Binder*, 165 FRD 424, 427-28 (D.N.J. 1996); *Harris v San Jose Mercury News, Inc.,* 235 F.R.D. 471, 473-74 (N.D. Cal. 2006); *Nilssen v. Osram Sylvania, Inc.,* 528 F.3d 1352, 1360-61 (Fed. Cir. 2008); *Ndubizu v. Drexel Univ.,* No. 07-3068, 2011 U.S.  Dist. LEXIS 140792 at *11 - *12 (E.D. Pa. Nov. 16, 2011); *Royal Maccabees Life Ins. Co. v. Malachinski,* No. 96-C-6135, 2000 U.S. Dist. LEXIS 14074 at *15 & n.9 (N.D. Ill. Sep. 25, 2000).  The 1970 Advisory Committee Notes to Rule 26(b)(4) similarly contemplate that the Court "can protect, when necessary and appropriate, the interests of an indigent party."  Further, at least one court of appeals has ruled that indigency is not the only grounds for fee shifting. *Nilssen*, 528 F.3d at 1360-61 ("While we agree with appellants that the Advisory Committee Notes explicitly encourage courts to reverse the presumption of expert fee payments under Rule 26(b)(4)(c)[2] in cases involving an indigent party, it does not follow that the court's discretion in shifting fees is therefore limited to such cases.")

Here, there is no dispute that Mr. Kingsley is indigent and incarcerated.  He cannot afford to pay Dr. Peters' expert witness fee, which puts him at an unfair disadvantage given that Defendants have already had the opportunity to depose his expert.

---

[2] Rule 26(b)(4)(C) is the predecessor to the current Rule 26(b)(4)(E). *See* Advisory Comm. Notes to 2010 Amendments.

Defendants have asserted that manifest injustice does not exist because Mr. Kingsley has hired an expert, Mr. Landers. (Ex. A at 13.) However, Mr. Landers' initial fees were paid by the Western District Bar Association's Pro Bono Fund. An express requirement of seeking reimbursement from the Fund is that money not be available elsewhere. (*See* Court's Request Form, Ex. B.) With respect to Dr. Peters' deposition fees, funds are available elsewhere because the Rules allow for cost-shifting in this circumstance.

Requiring Mr. Kingsley to pay Dr. Peters' deposition fee would also result in manifest injustice due to undue hardship. In making the determination of undue hardship, "the court must 'weigh the possible hardships imposed on the respective parties ... [and] balance the need for doing justice on the merits between the parties ... against the need for maintaining orderly and efficient procedural arrangements.'" *Harris,* 235 F.R.D. at 473 (citing *Reed*, 165 F.R.D. at 427-28). Here again, Mr. Kingsley is indigent and it would place him at an unfair advantage not to be able to depose Dr. Peters prior to trial. In contrast, if fees are shifted, Defendants' employer's insurance company will likely end up paying the bill. The amount is small relative to the total cost of the litigation, and the insurance company is in the business of making money by actuarially accounting for such risks. The need for "doing justice on the merits between the parties" justifies relieving Plaintiff of the obligation to pay Dr. Peters fee under Rule 26(b)(4)(E).

## B. Defendants' expert should be ordered to appear for a deposition regardless of whether his fee is paid in advance

An expert witness cannot refuse to appear for a deposition simply because he has not been paid in advance. The Federal Rules of Civil Procedure allow for expert depositions. Fed. R. Civ. P. 26(b)(4)(A). Moreover, Dr. Peters has been subpoenaed. (Ex. A at 3.) There is nothing in Rule 26 about an expert being entitled to payment in advance of his deposition.

4

*Harris v. Costco Wholesale Corp.*, 226 F.R.D. 675, 676 (S.D. Cal. 2005) ("The rule does not state, however, that the expert's fees must be paid in advance of the deposition absent agreement to do so.") It is also improper to terminate an expert deposition merely because the expert witness is not paid in advance. *Id.* at 676-77. Accordingly, the Court should order Defendants to make Dr. Peters available for his deposition regardless of whether his fees are paid in advance.

**MOTION TO COMPEL PRODUCTION OF MATERIALS CONSIDERED AT
LEAST FIVE DAYS PRIOR TO DEPOSITON**

**I.     Facts**

As previously noted, Dr. Peters' deposition was originally scheduled for September 4. Many of the materials that Dr. Peters considered in drafting his reports are not referenced with full citations and are not publicly available. On August 15, Plaintiff's counsel proposed that the parties informally exchange the materials considered by their respective experts. (Ex. A at 1.) Defendants preferred to exchange subpoenas, so the parties did so. (Ex. A 2-4.) As of the time of this filing on Tuesday, September 4, Defendants have not produced the materials considered by Dr. Peters despite being asked and stating that they would do so by that time more than once. (Ex. A at 5-8, 10-11, 13, 15-16.) The failure of Defendants to produce the materials considered by Dr. Peters has already resulted in rescheduling his deposition, and Defendants still have not provided the materials he considered in drafting his reports. Given this track record, Plaintiff seeks an order compelling Defendants to produce the materials a reasonable time prior to Dr. Peters' deposition.

## II. Argument

### A. Defendants are obligated to produce the materials considered by Peters prior to his deposition

Rule 26 requires the disclosure of expert reports. Fed. R. Civ. P. 26(a)(2)(B). Rule 26 also requires that the expert produce the materials he considered in forming his expert opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii); *Allstate Ins. Co. v. Electrolux Home Prods.*, 840 F. Supp. 2d 1072, (N.D. Ill. 2012) ("The rule contemplates production of the materials an expert considered."). Thus, Plaintiff is entitled to receive the materials listed in the "References" sections of Dr. Peters' initial and supplemental expert reports sufficiently in advance of his deposition to permit review and preparation.

Defendants have stated on several occasions that they would produce the documents requested but have not yet done so. Plaintiff needs these non-publicly available documents in advance in order adequately to prepare for taking the deposition. Plaintiff respectfully requests that the Court compel Defendants to produce the materials cited in the "References" sections of Dr. Peters' initial and supplemental expert reports at least five days before Dr. Peters' deposition.

Furthermore, even if Plaintiff ultimately elects not to take Dr. Peters' deposition due to an adverse ruling in the motion for relief from Rule 26(b)(4)(E), Plaintiff is still entitled to the materials for potential use as cross examination at trial, and the Court should compel Defendants to produce the materials at least one week before trial.

Dated: September 4, 2012

*/s/ Joel F. Graham*
Wendy M. Ward
Edward J. Pardon
Joel F. Graham
Merchant & Gould P.C.
10 E. Doty Street, Suite 600
Madison, WI 53703
(608) 280-6750 Phone
(612) 332-9081 Fax
epardon@merchantgould.com
wward@merchantgould.com
jfgraham@merchantgould.com

*Attorneys for Plaintiff*