UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

MICHAEL B. KINGSLEY,

                Plaintiff,

     vs.

                                       Case No. 10-CV-832

LISA JOSVAI, PATRICIA FISH, ROBERT
CONROY, STAN HENDRICKSON, FRITZ
DEGNER, and KARL BLANTON,

                Defendants.

## PROPOSED JURY INSTRUCTIONS OF DEFENDANTS
## FOR LIABILITY PHASE OF TRIAL

Pursuant to the Court's Preliminary Pretrial Conference Order and Procedures Governing Final Pretrial Conference, defendants, Robert Conroy, Stan Hendrickson, Fritz Degner, and Karl Blanton, hereby submit their proposed jury instructions for the liability phase of trial. Defendants request these jury instructions without waiving their right to amend, supplement, or withdraw all or any portion of these instructions as the evidence and the Court's rulings at trial may dictate.

Defendants wish to include the following Standard Jury Instructions – Civil as provided by the Court along with the Preliminary Pretrial Conference Order:

**Introductory Instructions**

    (1)     Introductory Instruction

    (2)     Credibility of Witnesses

    (3)     Depositions

    (4)     Objections

    (5)     Questions

    (6)     Notetaking

    (7)     Evidence

(8)      Contradictory or Impeaching Evidence

(9)      Drawing of Inferences

(10)    Experts

**Post-Trial Instructions**

(1)      Introduction

(2)      Burden of Proof

(3)      Answers Not Based on Guesswork

(4)      Selection of Presiding Juror; Communication with the Judge; Verdict

(5)      Suggestions for Conducting Deliberations

In addition to these standard jury instructions, defendants request the additional instructions set forth below.

**Defendants' Proposed Instruction 1:  Multiple Claims; Multiple Plaintiffs/Defendants**

You must give separate consideration to each claim and each party in this case.  Although there are <u>four individual</u> defendants, it does not follow that if one is liable, any of the others is also liable.  In considering a claim against a defendant, you must not consider evidence admitted only against other defendants.

Source:  Seventh Circuit Pattern Jury Instructions – Civil § 1.25.

**Defendants' Proposed Instruction 2:  Dismissed Defendants**

Lisa Josvai and Patricia Fish are no longer defendants in this case.  You should not consider any claims against Ms. Josvai or Ms. Fish.  Do not speculate on the reasons.  You should decide this case as to the remaining parties.

---

Source:  Seventh Circuit Pattern Jury Instructions – Civil § 1.26.

**Defendants' Proposed Instruction 3:  Police Department/Municipality not a Party**

Defendants are being sued as individuals.  <u>No municipal entity, including Monroe County,</u> is a party to this lawsuit.

---

Source:  Seventh Circuit Pattern Jury Instructions – Civil § 7.01.

**Defendants' Proposed Instruction 4:  Impeachment of Witness – Convictions**

You have heard evidence that Plaintiff has been convicted of a crime.  You may consider this evidence only in deciding whether Plaintiff's testimony is truthful in whole, in part, or not at all.  You may not consider this evidence for any other purpose.

---

Source:  Seventh Circuit Pattern Jury Instructions – Civil § 1.15.

**Defendants' Proposed Instruction 5:  Excessive Force**

In this case, Plaintiff claims that Defendants used excessive force against him.  To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that the force used by Defendants was not applied in a good faith effort to maintain or restore discipline, but was instead applied maliciously or sadistically for the very purpose of causing harm.

In deciding whether Plaintiff has proved that Defendants used excessive force, you may consider such factors as:

- the need for the application of force;

- the relationship between the need for the use of force and the amount of force used;

- the extent of the injury inflicted;

- the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and

- any efforts made by the Defendants to temper or limit the amount of force.

---

Source:  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); Dkt. No. 69, p. 11.

**Defendants' Proposed Instruction 6:  Battery**

Question _____ asks you to determine whether Defendants (used excessive force) <u>battered</u> (in arresting) Plaintiff.  It is admitted that Defendants made contact with Plaintiff and used force <u>against him</u> (at the time of making the arrest), which force, if not reasonable under the circumstances, would constitute a battery.

As law enforcement officers, Defendants (had) <u>have</u> the duty to <u>maintain the safety and security of the jail</u> (enforce the laws of Wisconsin) and (in making an arrest) may use reasonable force to overcome the resistance of <u>a prisoner</u> (the person being arrested).  This force, however, must not be excessive; that is, the officer must not use more force than necessary under all of the circumstances.

The fact that the evidence in this case shows physical contact between Defendants and Plaintiff (which resulted in injury to Plaintiff,) is not proof that Defendants used excessive force.

Defendants had the lawful authority to use such force (in making the arrest) as a reasonable (police) officer would believe to be necessary.  But the use of force beyond that which a reasonable (police) officer would believe necessary under all the circumstances then existing is excessive force.

(The fact that defendant believed plaintiff was guilty of a crime is irrelevant.  Persons being arrested have a right not to be mistreated by the use of excessive force.)

---

Source:  Wisconsin Jury Instruction – Civil: 2008.

WHD/8889853.1                                    8

Dated this 7th day of September, 2012.    s/ Andrew A. Jones

Andrew A. Jones
Timothy H. Posnanski
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, WI  53202-3819
(414) 271-2300  Phone
(414) 223-5000  Fax
ajones@whdlaw.com
tposnanski@whdlaw.com

Attorneys for Defendants