UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MICHAEL B. KINGSLEY,

          Plaintiff,

vs.

LISA JOSVAI, PATRICIA FISH, ROBERT CONROY, STAN HENDRICKSON, FRITZ DEGNER, and KARL BLANTON,

          Defendants.

Case No. 10-CV-832

---

**PROPOSED JURY INSTRUCTIONS OF DEFENDANTS
FOR DAMAGES PHASE OF TRIAL**

---

      Pursuant to the Court's Preliminary Pretrial Conference Order and Procedures Governing Final Pretrial Conference, defendants, Robert Conroy, Stan Hendrickson, Fritz Degner, and Karl Blanton, hereby submit their proposed jury instructions for the damages phase of trial. Defendants request these jury instructions without waiving their right to amend, supplement, or withdraw all or any portion of these instructions as the evidence and the Court's rulings at trial may dictate.

      Defendants wish to include the following Standard Jury Instructions – Civil as provided by the Court along with the Preliminary Pretrial Conference Order:

**<u>Damages</u>**

    (1)    General

    (2)    Income Taxes

      In addition to these standard instructions, defendants request the additional instructions set forth below.

**Defendants' Proposed Instruction 1: Proximate Cause**

An injury or damage is proximately caused by an act, or failure to act, whenever it appears form the evidence in the case that the act or omission was a substantial <u>factor</u> (part) in bringing about or actually causing the injury or damage to <u>the</u> Plaintiff, and that <u>the</u> Plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

---

Source: 3B Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions* § 165.50 (5th ed. 2001).

**Defendants' Proposed Instruction 2: Compensatory Damages**

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of <u>Defendants' use of force against Plaintiff.</u>

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following type of compensatory damages, and no others:

1. The physical and mental/emotional pain and suffering (and disability/loss of a normal life) that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering (or disability/ loss of a normal life) has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that Plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

---

Source: Seventh Circuit Pattern Jury Instructions – Civil § 7.23.

**Defendants' Proposed Instruction 3: Punitive Damages**

If you answered "Yes" to Question ___, you may award punitive damages in addition to compensatory damages. You are not required to make any award of punitive damages, but you may do so if you think it is proper under the circumstances to make such an award as an example or punishment to deter Defendants and others from offending in a similar manner in the future. In deciding whether to make an award of punitive damages you may also consider the seriousness of the offense committed.

Punitive damages may be awarded even if the violation of Plaintiff's rights resulted in only nominal compensatory damages. That is, even if the Plaintiff can show no damages or other injury as a result of a Defendant's actions, if the Defendant used excessive force against Plaintiff, punitive damages may be awarded. Punitive damages are never a matter of right. It is in the jury's discretion to award or withhold them. Punitive damages may not be awarded unless the Defendant acted with deliberate indifference to the Plaintiff's rights. Even if you find that the violations were reckless or deliberate, you may withhold or allow punitive damages as you see fit.

If you find that a Defendant's conduct was motivated by evil motive or intent, such as ill will or spite or grudge either toward the injured person individually or toward all persons such as Plaintiff, then you may find that the Defendant deliberately violated the plaintiff's rights.

Acts are reckless when they represent a gross departure from ordinary care in a situation where a high degree of danger is apparent. If the Defendant was in a position in which he certainly should have known that his conduct would violate the Plaintiff's rights, and proceeded to act in disregard of that knowledge and of the harm or the risk of harm that would result to the plaintiff, then he acted with reckless disregard for the Plaintiff's rights.

In answering this question, you are instructed that the burden is on the Plaintiff to convince you to a reasonable certainty by the evidence that is clear, satisfactory, and convincing that the answer should be "yes."

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendants' conduct;

- the impact of Defendants' conduct on Plaintiff;

- the relationship between Plaintiff and Defendants;

- the likelihood that Defendants would repeat the conduct if an award of punitive damages is not made; and

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

---

Source: Instruction on Punitive Damages given by the Court as a matter of course modified with additional text from Seventh Circuit Pattern Jury Instructions – Civil § 7.24.

| | |
|---|---|
| Dated this 7th day of September, 2012. | s/ Andrew A. Jones |
| | Andrew A. Jones <br> Timothy H. Posnanski <br> WHYTE HIRSCHBOECK DUDEK S.C. <br> 555 East Wells Street, Suite 1900 <br> Milwaukee, WI 53202-3819 <br> (414) 271-2300  Phone <br> (414) 223-5000  Fax <br> ajones@whdlaw.com <br> tposnanski@whdlaw.com |
| | Attorneys for Defendants |