UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

MICHAEL B. KINGSLEY,

    Plaintiff,

vs.

Civil Action No. 10-CV-832

LISA JOSVAI, PATRICIA FISH, ROBERT
CONROY, STAN HENDRICKSON, FRITZ
DEGNER AND KARL BLANTON,

    Defendants.

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, by his undersigned attorneys, submits the attached proposed jury instructions, to be given in addition to the Court's standard jury instructions.

With respect to the Court's standard post-trial jury instructions, Plaintiff believes that the following instructions are not necessary or an alternate instruction should be used:

"Middle Burden of Proof" (not necessary)

"Duty to Mitigate Damages" (not necessary)

"Mortality Tables" (not necessary)

"Future Earnings" (not necessary)

"Pain and Suffering" (modified)

1

Dated: September 7, 2012           Respectfully submitted,

                                       **MERCHANT & GOULD, P.C.**

By:    /s/ *Joel F. Graham*
        Edward J. Pardon
        Wendy M. Ward
        Joel F. Graham
        MERCHANT & GOULD P.C.
        10 East Doty Street, Suite 600
        Madison, WI 53703-3376
        Telephone: (608) 280-6753
        epardon@merchantgould.com
        wward@merchantgould.com
        jfgraham@merchantgould.com

        Attorneys for Plaintiff Michael Kingsley

## PLAINTIFF'S PROPOSED INSERTION FOR THE COURT'S STANDARD INTRODUCTORY INSTRUCTION

Plaintiff proposes the following insertion beginning at the second paragraph of the Court's standard Introductory Instructions:

The party who begins the lawsuit is called the plaintiff. In this action, the plaintiff is Michael Kingsley. The parties against whom the suit is brought are called the defendants. In this action, the defendants are Stanley Hendrickson, Robert Conroy, Fritz Degner, and Karl Blanton. The defendants are employees of the Monroe County Jail. The plaintiff, Mr. Kingsley, alleges that the defendants used excessive force against him while he was an inmate at the jail. Excessive force in this context means unreasonable force under the totality of the circumstances. You will receive further instruction on how to evaluate this after the parties have presented their case.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

### ALL PERSONS EQUAL BEFORE THE LAW

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

**Authority:** 3B Kevin F. O'Malley et al., Federal Jury Practice and Instructions: Civil § 103:11 (6th ed. 2011).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

## **CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Authority:** Federal Civil Jury Instructions of the Seventh Circuit § 1.08 (2005 rev.)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3 (IF NEEDED)

### IMPEACHMENT OF WITNESS – CONVICTIONS

You have heard evidence that <u>Michael Kingsley</u> has been convicted of a crime. You may consider this evidence only in deciding whether <u>Michael Kingsley's</u> testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

**Authority:** Federal Civil Jury Instructions of the Seventh Circuit § 1.15 (2005 rev.) (modified).
    The material deleted from the pattern instruction was originally in brackets. According to the Seventh Circuit Jury instructions, "[p]hrases and sentences that appear in brackets are alternatives or additions to instructions, to be used when relevant to the particular case on trial." For clarity, Plaintiff has not indicated the deletion of material that was originally in brackets in the pattern instruction.

6

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

### NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a large number. You need not accept the testimony of the larger number of witnesses.

**Authority:** Federal Civil Jury Instructions of the Seventh Circuit § 1.17 (2005 rev).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

### NATURE OF THE ACTION

Plaintiff <u>Michael Kingsley</u> claims damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to plaintiff <u>Michael Kingsley</u> by the (Fourth Amendment) <u>Fourteenth Amendment</u> of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Specifically, plaintiff <u>Michael Kingsley</u> alleges that defendant (police officers) <u>Monroe County Sheriff's Department employees</u> subjected plaintiff Michael Kingsley to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the Constitutional right to be free from the excessive use of force against plaintiff's person (during the course of an arrest) <u>while a pretrial detainee.</u>

(Defendant police officers deny that any of their actions during the time in question violated plaintiff's constitutional rights. Defendant police officers <u>allege</u> that they were acting in good faith and with probable cause and that their actions were reasonable. Defendant police officers further claim that they were not guilty of any fault or wrongdoing in regard to the incident sued upon.)

<u>The defendants are Stan Hendrickson, Robert Conroy, Fritz Degner, and Karl Blanton.</u>

**Authority:** 3B Kevin F. O'Malley et al., Federal Jury Practice and Instructions: Civil § 165.01 (5th ed. 2001) (modified).

8

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6

## FOURTH AMENDMENT/FOURTEENTH AMENDMENT: EXCESSIVE FORCE AGAINST (ARRESTEE OR PRETRIAL DETAINEE – ELEMENTS

In this case, Plaintiff claims that Defendants used excessive force against him. To succeed on this claim, Plaintiff must prove (each of the following things) by a preponderance of the evidence <u>that Defendants used unreasonable force against him</u>.

(1. Defendant used unreasonable force against Plaintiff;)

<u>Special Verdict Question No. 1 asks you to evaluate whether unreasonable force was used against Plaintiff. You should evaluate this question separately with respect to each individual Defendant.</u>

If you find that Plaintiff has proved (each of these things) <u>the use of unreasonable force</u> by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove <u>the use of unreasonable force</u> (any one of these things) by a preponderance of the evidence, then you should find for Defendants, and you will not consider the question of damages.

**Authority:** Federal Civil Jury Instructions of the Seventh Circuit § 7.08 (2005 rev.) (modified); Committee Comments to Federal Civil Jury Instructions of the Seventh Circuit $ 7.08 (b), (c). (d); Defendants' Response to Plaintiff's Request for Admission No. 1 (admitting actions were done under color of law).

Some material deleted from the pattern instruction was originally in brackets. According to the Seventh Circuit Jury instructions, "[p]hrases and sentences that appear in brackets are alternatives or additions to instructions, to be used when relevant to the particular case on trial." For clarity, Plaintiff has not indicated the deletion of material that was originally in brackets in the pattern instruction.

9

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7

## FOURTH AMENDMENT/FOURTEENTH AMENDMENT: EXCESSIVE FORCE – DEFINITION OF "UNREASONABLE"

You must decide whether <u>each individual</u> Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that <u>he</u> (Defendant) faced. You must make this decision based on what the officer knew at the time of the <u>incident,</u> (arrest,) not based on what you know now. In deciding whether <u>the</u> (Defendant's) use of force was unreasonable, you must not consider whether <u>that person's</u> (Defendant's) intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

<u>In considering whether the use of force was unreasonable, you may consider</u>

- <u>The need for the use of force;</u>

- <u>The relationship between the need for the use of force and the amount of force used;</u>

- <u>The extent of the Plaintiff's injury;</u>

- <u>Any efforts made by the officer to temper or limit the amount of force;</u>

- <u>The severity of the crime at issue; and</u>

- <u>The threat reasonably perceived by the officer.</u>

**Authority:** Federal Civil Jury Instructions of the Seventh Circuit § 7.09 (2005 rev.) (modified); Committee Comments to Federal Civil Jury Instructions of the Seventh Circuit § 7.09 (b).
Some material deleted from the pattern instruction was originally in brackets. According to the Seventh Circuit Jury instructions, "[p]hrases and sentences that appear in brackets are alternatives or additions to instructions, to be used when relevant to the particular case on trial." For clarity, Plaintiff has not indicated the deletion of material that was originally in brackets in the pattern instruction.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8

### <u>FAILURE BYSTANDER OFFICER TO INTERVENE</u>

<u>In the case of Defendant Robert Conroy, you may also find he is liable for excessive force if he failed to stop any of the other defendants from using excessive force</u>. To succeed on <u>this</u> (his failure to intervene) claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. <u>At least one of the other defendants used unreasonable force on Mr. Kingsley</u>;

2. <u>Lt. Conroy</u> (Defendant) knew that <u>at least one of the other defendants</u> was about to <u>use unreasonable force on Mr. Kingsley</u>;

3. <u>Lt. Conroy</u> (Defendant) had a realistic opportunity to do something to prevent <u>the unreasonable use of force</u> (harm) from occurring;

4. <u>Lt. Conroy</u> (Defendant) failed to take reasonable steps to prevent <u>the unreasonable use of force</u> (harm) from occurring<u>.</u>(;)

5. (Defendant's failure to act caused Plaintiff to suffer harm ;)<u>.</u>

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, <u>and that none of the other defendants used unreasonable force</u>, (then you should find for Defendant, and) you will not consider the question of damages.

**Authority:** Federal Civil Jury Instructions of the Seventh Circuit § 7.16 (2005 rev.) (modified); Defendants' Response to Plaintiff's Request for Admission No. 1 (admitting actions were done under color of law)
    Some material deleted from the pattern instruction was originally in brackets. According to the Seventh Circuit Jury instructions, "[p]hrases and sentences that appear in brackets are alternatives or additions to instructions, to be used when relevant to the particular case on trial." For clarity, Plaintiff has not indicated the deletion of material that was originally brackets.

11

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9

### DAMAGES: PREFATORY INSTRUCTION

If you find that Plaintiff has proved any of his claims against <u>at least one</u> of the Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

**Authority:** Federal Civil Jury Instructions of the Seventh Circuit § 7.22 (2005 rev.) (modified).
 Some material deleted from the pattern instruction was originally in brackets. According to the Seventh Circuit Jury instructions, "[p]hrases and sentences that appear in brackets are alternatives or additions to instructions, to be used when relevant to the particular case on trial." For clarity, Plaintiff has not indicated the deletion of material that was originally in brackets in the pattern instruction.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10

### DAMAGES: COMPENSATORY

<u>Special Verdict Question No. 2 asks you about compensatory damages.</u> If you find <u>that at least one Defendant used unreasonable force against Plaintiff, then you must determine whether Plaintiff was harmed by that unreasonable force and if so,</u> (in favor of Plaintiff, ) then you must determine the amount of money that will fairly compensate Plaintiff<u>.</u> (for any injury that you find he sustained as a direct result of )

These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

<u>In this case, you</u> (You) should consider <u>pain and suffering</u>. (the following types of compensatory damages, and no others:)

<u>In determining how much money will fairly and reasonably compensate Plaintiff for past pain and suffering, you should consider any pain and suffering, mental anguish and apprehension, sorrow and anxiety plaintiff has endured from the time of the incident up to the present time. There is no exact standard for deciding how much to award plaintiff for these damages. Your award should be fair and just in light of the evidence.</u>

13

**Authority:** Federal Civil Jury Instructions of the Seventh Circuit § 7.23 (2005 rev.) (modified); Court Standard Jury Instructions. The Seventh Circuit Jury instruction was used as the "base" instruction for the purposes of underlining and deleting material, whereas the substance of the "pain and suffering" instruction comes from the Court's standard jury instructions.

Some material deleted from the pattern instruction was originally in brackets. According to the Seventh Circuit Jury instructions, "[p]hrases and sentences that appear in brackets are alternatives or additions to instructions, to be used when relevant to the particular case on trial." For clarity, Plaintiff has not indicated the deletion of material that was originally in brackets in the pattern instructions.