IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL B. KINGSLEY,

                         ORDER

              Plaintiff,

                        10-cv-832-bbc

     v.

ROBERT CONROY, STAN HENDRICKSON,
FRITZ DEGNER and KARL BLANTON,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Now represented by counsel, plaintiff Michael Kingsley is proceeding on claims that defendants Robert Conroy, Stan Hendrickson, Fritz Degner and Karl Blanton used excessive force on him while he was a pretrial detainee, in violation of his rights under the Fourteenth Amendment and state law. A trial is scheduled for October 9, 2012. Plaintiff's counsel has filed a motion requesting relief from the court on two discovery issues. Dkt. #82.

First, plaintiff has moved under Fed. R. Civ. P. 26(a)(2)(B)(ii) to compel defendants to produce the materials that their expert Dr. Peters considered in forming his opinions, as disclosed in his two expert reports. Defendants do not deny that plaintiff is entitled to these materials, but contend that all materials relevant to Dr. Peters's opinion have been produced. Dkt. #100 at 11. However, plaintiff explains in his reply brief that the materials cited in the "references" sections of Dr. Peters' reports are not publicly available and that defendants have produced only selected portions of the documents on which Dr. Peters relied in his

1

reports.  Dkt. #103.

The exhibits attached to defendants' response confirms plaintiff's explanation.  In an email from defendants' counsel regarding the materials, counsel stated that Dr. Peters was working on gathering "excerpts" from the texts he had considered.  Dkt. #100-11.  However, plaintiff is entitled to review the complete documents on which Dr. Peters relied in order to consider the specific information in context.  Therefore, defendants' disclosure was not sufficient.  Defendants must produce complete versions of the materials considered by Dr. Peters to plaintiff by September 21, 2012, in order to give plaintiff sufficient time to review the documents before Dr. Peters' deposition on September 26.

The second aspect of plaintiff's motion is a request under Rule 26(b)(4)(E) to shift the costs of Dr. Peters's deposition to defendants.  Under that rule, the party seeking discovery must pay for the costs of an expert's deposition "[u]nless manifest justice would result."  Dr. Peters requires a flat fee of $2000 in advance of his deposition, and plaintiff is indigent and has no money with which to pay the fee.  Plaintiff contends that because he is indigent, requiring him to pay the fee would result in "manifest injustice."

I will deny this portion of plaintiff's motion.  I am not persuaded that a plaintiff can show "manifest injustice" merely by showing that he is indigent and unable to afford the cost of a deposition.  In the cases cited by plaintiff in which district courts considered the issue of fee shifting under Rule 26(b)(4)(E), the courts considered not only the plaintiff's financial situation, but also other relevant factors such as inadequate disclosures by experts, lack of rebuttal experts and issues of public importance.  E.g. Reed. v. Binder, 165 F.R.D. 424, 431

(D.N.J. 1996) (holding that defendant was required to pay costs charged by their experts for testifying at discovery depositions conducted by plaintiffs' counsel because experts' reports were inadequate and plaintiffs could not afford costs); Harris v. San Jose Mercury News, Inc., 235 F.R.D. 471 (N.D. Cal. 2006) (plaintiff who could not afford costs of expert depositions would suffer manifest injustice because he had no experts to respond to opinions of defendants' experts).  In this case, although it would certainly be helpful for plaintiff to depose Dr. Peters, he has not explained why not deposing him would result in manifest injustice.  Dr. Peters has provided two expert reports explaining his conclusions and the basis for his opinions, and plaintiff has not argued that the reports are inadequate.  Additionally, plaintiff has retained his own expert who can presumably review Dr. Peters' report and provide his own assessments and opinions.  Under the circumstances, I conclude that plaintiff has failed to show that it is appropriate to shift the costs of Dr. Peters' deposition to defendants.

ORDER

IT IS ORDERED that

1. Plaintiff Michael Kingsley's motion to filed a reply brief, dkt. #103, is GRANTED.

2.  Plaintiff's motion to compel discovery and for relief under Fed. R. Civ. P. 26(b)(4)(E) is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED with respect to plaintiff's motion to compel defendants to produce complete versions of the documents on which their expert relied in forming the opinions contained in his expert

reports. Defendants must produce this material to plaintiff by September 21, 2012. The motion is DENIED as to plaintiff's request for fee shifting under Fed. R. Civ. P. 26(b)(4)(E).

Entered this 19th day of September, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4