UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

MICHAEL B. KINGSLEY,

        Plaintiff,

vs.

LISA JOSVAI, PATRICIA FISH,
ROBERT CONROY, STAN HENDRICKSON,
FRITZ DEGNER, and KARL BLANTON,

        Defendants.

Case No. 10-CV-832

**MEMORANDUM OF LAW IN RESPONSE TO
PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORM**

      Pursuant to the Court's Preliminary Pretrial Conference Order and Procedures Governing Final Pretrial Conference, defendants, Robert Conroy, Stan Hendrickson, Fritz Degner, and Karl Blanton ("Defendants"), submit this memorandum of law in response to the proposed jury instructions and special verdict form filed by plaintiff, Michael B. Kingsley ("Plaintiff").

## ARGUMENT

**I.    PLAINTIFF'S PROPOSED INSERTION FOR THE COURT'S STANDARD INTRODUCTORY INSTRUCTION.**

      Plaintiff proposes an additional instruction for insertion beginning at the second paragraph of the Court's standard Introductory Instructions. (Dkt. No. 97 at 3.) This proposed insertion is inaccurate and employs an incorrect legal standard.

      Defendants concede that Plaintiff alleges that the Defendants used excessive force against him while he was an inmate at the jail. The remainder of this proposed insertion, however, is inappropriate and incomplete. Plaintiff attempts to decrease his burden of proof by informing the jury he merely needs to prove that the Defendants' use of force was unreasonable under the totality of the circumstances. As set forth in more detail in Point III below, this instruction

improperly simplifies the jury's task in this case by relying upon the incorrect legal standard. Considering that the jury will be fully and properly instructed on how they must evaluate whether the Defendants' use of force was excessive, this instruction unnecessarily clouds the issue. If the Court intends to offer an instruction similar to the Plaintiff's proposed insertion, it should be consistent with the jury instructions regarding the use of force upon a pretrial detainee. In other words, it should read as follows:

> The plaintiff, Michael Kingsley, alleges that the defendants used excessive force against him while he was an inmate at the Monroe County Jail. In evaluating Mr. Kingsley's excessive force claim, you must determine whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm.[1] The defendants maintain that they used force in a good faith effort to maintain or restore discipline at the Monroe County Jail, and not maliciously or sadistically for the purpose of causing harm.

## II.   PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5.

Plaintiff has proposed a "Nature of the Action" instruction. This Instruction is not recognized in either the Court's standard instructions or the 7th Circuit Pattern Instructions. More importantly, this instruction is unnecessary and duplicative. By the time this instruction would be read to the jury, the Court will already have informed the jury regarding the basic nature of the case in its introductory instructions and the jury will have heard the evidence and the arguments of counsel. This instruction is therefore redundant.

In the event the Court intends to offer this instruction, then it will need revision. Specifically, if the Court is going to repeat the nature of the Plaintiff's claims, it should also repeat the basis for the Defendants' defense. The penultimate paragraph of Plaintiff's Proposed Jury Instruction No. 5 should be revised to state:

---

[1] *See* Dkt. No. 69 at 11.

> Defendant corrections officers deny that any of their actions during the time in question violated the Plaintiff's constitutional rights. The officers maintain that they used the force in a good faith effort to maintain or restore discipline at the Monroe County Jail, not maliciously and sadistically for the very purpose of causing harm. The officers further maintain that they are not at fault or guilty of any wrongdoing with regard to the use of force upon the Plaintiff.

Finally, the jury does not need to be informed as to the identity of the defendants at this stage of the proceedings.

### III.   PLAINTIFF'S PROPOSED JURY INSTRUCTIONS NOS. 6 AND 7.

Plaintiff's Proposed Jury Instructions Nos. 6 and 7 employ the wrong standard of law. The correct jury instruction for the Plaintiff's excessive force claim is set forth in the Defendants' Proposed Instruction No. 5 and the Court's Order on the Defendants' Motion for Summary Judgment. (*See* Dkt. No. 84 at 7; Dkt. No. 69 at 11.) The Plaintiff's Proposed Instructions Nos. 6 and 7 invoke the "reasonableness" standard governing Fourth Amendment use of force claims. *Graham v. Connor*, 490 U.S. 393, 396 (1989). This instruction is inappropriate in this case.

Plaintiff was a pretrial detainee at the time of the incident in question. Accordingly, the Plaintiff's excessive force claim falls within the due process clause of the Fourteenth Amendment. *Forrest v. Prine*, 620 F.3d 739, 743-44 (7th Cir.2010); *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The exact contours of the protection afforded Plaintiff under the Fourteenth Amendment remain undefined. *Lewis*, 581 F.3d at 474. The Seventh Circuit has assumed, without deciding, that in the prison security context, "the applicable standard for excessive force claims is provided by the Eighth Amendment, as explained in *Whitley* and *Hudson*: whether the measure taken inflicted unnecessary and wanton pain and suffering depends on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilson v. Williams*, 83 F.3d 870, 876-77 (7th Cir.

1996)(quoting *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)(citing *Whitley v. Albers*, 475 U.S. 312, 320-321 (1986)).

The Court employed this exact standard in deciding the parties' cross-motions for summary judgment. (Dkt. No. 69 at 10-11.) This standard is appropriate in this context: "Considering the fact that convicted prisoners and pretrial detainees are held together in correctional facilities, we recognize the impracticality of separate standards for these two groups in the context of a jail disturbance." *Wilson*, 83 F.3d 876. "Indeed, the Supreme Court has stated that there is no reason to distinguish between the two groups in reviewing challenged security practices because there is no basis to conclude that pretrial detainees pose any lesser security risk than convicted inmates." *Id*. (citing *Bell v. Wolfish*, 441 U.S. 520, 546 (1979)).

Accordingly, the Court should give Defendants' Instruction No. 5 which properly instructs the jury regarding the Plaintiff's excessive use of force claim under the Fourteenth Amendment in the context of a jail disturbance. The Court should reject Plaintiff's Proposed Jury Instructions Nos. 6 and 7.

## IV. PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8.

Plaintiff has proposed a "Failure [sic] Bystander Officer to Intervene" instruction with respect to Lt. Robert Conroy. This instruction comes from the Federal Civil Jury Instructions of the Seventh Circuit §7.16. The model instruction begins by stating "[t]o succeed on his failure to intervene claim, Plaintiff must prove each of the following things by a preponderance of the evidence…" Federal Civil Jury Instructions of the Seventh Circuit § 7.16 (2010 ed.). Here, Plaintiff has not alleged a failure to intervene claim against Lt. Conroy. Plaintiff initially brought a failure to intervene claim against Lisa Josvai and former Sheriff Pedersen, but the Court denied Plaintiff leave to proceed with this claim. (Dkt. No. 6 at 10.) Plaintiff should not

be allowed to effectively amend his complaint through the submission of jury instructions that do not relate to any claims he actually pled.

In the event the Court determines this instruction is appropriate, however, all references to "unreasonable force" throughout Plaintiff's Proposed Jury Instruction No. 8 should be changed to "excessive force."

### V. PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10.

For the reasons set forth in Points II and III above, all references to "unreasonable force" throughout Plaintiff's Proposed Jury Instruction No. 10 should be changed to "excessive force."

### VI. PLAINTIFF'S SPECIAL VERDICT QUESTION NO. 1.

For the reasons set forth in Points II and III above, all references to "unreasonable force" throughout Plaintiff's Proposed Special Verdict Question No. 1 should be changed to "excessive force." Additionally, for the reasons set forth in Section IV, the reference to whether Lt. Robert Conroy failed to stop any of the other defendants from using excessive force should be removed. In the event the Court allows Plaintiff to proceed with a failure to intervene claim against Lt. Robert Conroy, there should be two separate verdict questions related to whether Lt. Conroy used excessive force against Plaintiff or whether Lt. Conroy failed to intervene, rather than the combined question drafted and submitted by Plaintiff.

### VII. PLAINTIFF'S SPECIAL VERDICT QUESTION NO. 3.

For the reasons set forth in Points II and III above, all references to "unreasonable force" throughout Plaintiff's Proposed Special Verdict Question No. 3 should be changed to "excessive force." Additionally, the language of Special Verdict Question No. 3 should more closely track either the Defendants' proposed special verdict questions regarding punitive damages or the Court's standard instruction regarding punitive damages. (Dkt. No. 10 at 32.) Specifically, with respect to Plaintiff's Proposed Special Verdict Question No. 3(a), there should be a separate

question for each defendant (not "any of the defendants") asking whether the specific defendant acted with deliberate indifference to the plaintiff's rights or with evil motive or intent in exerting excessive force against Plaintiff.

With respect to Plaintiff's Proposed Special Verdict Question No. 3(b), the question should refrain from the editorial suggestion proposed by Plaintiff and focus simply on what amount of punitive damages, if any, Plaintiff is entitled to receive from each specific defendant as set forth in Defendants' Proposed Verdict Question No. 3.

Dated this 21st day of September, 2012.

s/ Timothy H. Posnanski
Andrew A. Jones
Timothy H. Posnanski
Attorneys for Defendants
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, WI  53202-3819
(414) 271-2300  Phone
(414) 223-5000  Fax
ajones@whdlaw.com
tposnanski@whdlaw.com