UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

MICHAEL B. KINGSLEY,

        Plaintiff,

vs.

LISA JOSVAI, PATRICIA FISH,
ROBERT CONROY, STAN HENDRICKSON,
FRITZ DEGNER, and KARL BLANTON,

        Defendants.

Case No. 10-CV-832

### MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTIONS *IN LIMINE*

Pursuant to the Court's Preliminary Pretrial Conference Order and Procedures Governing Final Pretrial Conference, defendants, Robert Conroy, Stan Hendrickson, Fritz Degner, and Karl Blanton, submit this memorandum of law in response to the motions *in limine* filed by plaintiff.

**ARGUMENT**

**I.    PLAINTIFF'S MOTION *IN LIMINE* NO. 1.**

Defendants do not oppose plaintiff's motion *in limine* seeking to exclude from trial any evidence regarding (1) criminal charges or arrests involving plaintiff that did not result in a conviction; (2) criminal misdemeanor convictions that do not involve dishonesty; and (3) criminal convictions that are more than ten years old.  As set forth in their motions *in limine* (Motion No. 5), however, defendants do seek to admit certain evidence regarding six prior felony convictions on plaintiff's record, all of which are less than ten years old, pursuant to Federal Rule 609.

**II.    PLAINTIFF'S MOTION *IN LIMINE* NO. 2.**

Defendants do not oppose plaintiff's motion *in limine* seeking to exclude from trial any evidence regarding admissible criminal convictions on plaintiff's record beyond the fact of the

convictions, the crimes of which plaintiff was convicted, the dates of the convictions, and the sentences imposed.  This is consistent with the information defendants seek to admit with respect to plaintiff's six prior felony convictions as set forth in their motions *in limine* (Motion No. 5).

### III.   PLAINTIFF'S MOTION *IN LIMINE* NO. 3.

Plaintiff seeks to exclude evidence relating to certain specific disciplinary incidents that occurred following the May 21, 2010 incident at issue in this lawsuit.  Specifically, plaintiff seeks to exclude evidence relating to disciplinary incidents involving plaintiff that occurred in the Monroe County Jail on July 3, 2010, July 4, 2010, July 5, 2010, July 16, 2010, and September 25, 2011.  Defendants do not intend to offer any evidence relating to these incidents (unless plaintiff opens the door to such evidence), so defendants do not oppose the motion in this respect.

Defendants do intend to introduce evidence regarding certain disciplinary incidents involving plaintiff in the Monroe County Jail that occurred prior to May 21, 2010.  Specifically, defendant Hendrickson will testify that he was aware on the morning of May 21, 2010 that plaintiff had been involved in prior incidents in the Jail and that this elevated his level of caution and his assessment of risk in dealing with plaintiff.  Indeed, the evidence will show: (1) that, on January 23, 2003, Kingsley had to be extracted from his regular cell and moved to a receiving cell for arguing with Jail staff; and (2) that Kingsley again had to be extracted from his cell on May 25, 2005 for failure to follow inmate rules.  Defendants contend these prior incidents are relevant to the issues in this case because they formed part of defendant Hendrickson's knowledge of plaintiff at the time of the incident in question.  In other words, they informed Hendrickson as to how plaintiff had behaved when interacting with Jail staff in the past and the nature and extent of the threat posed by plaintiff's disobedience and resistance on May 21, 2010.  This is not inadmissible "propensity" evidence; instead, it is relevant evidence that will assist the

trier of fact in understanding, at least in small part, why and how defendants interacted with plaintiff in the manner they did on the morning in question. Moreover, the probative value of this evidence is not substantially outweighed by the danger of any of the ills listed in Rule 403. This evidence is discrete in nature, so it will not mislead the jury, confuse the issues, delay the case, or waste the jury's time. Likewise, it is not of a nature that would unfairly prejudice plaintiff in the eyes of the jury or lead the jury to reach a conclusion on impermissible grounds. For these reasons, plaintiff's motion must be denied to the extent it can be read to seek to exclude such evidence regarding these prior disciplinary incidents involving plaintiff.

Plaintiff also seeks to exclude evidence relating to unspecified grievances filed in the Monroe County Jail by plaintiff, other lawsuits filed by plaintiff, and threats by plaintiff to file other lawsuits. Defendants do not seek to introduce evidence on these subjects at trial assuming plaintiff does not open the door to such evidence, with one limited exception. Specifically, during the incident on May 21, 2010, the evidence will show that plaintiff stated to the officers involved that he intended to sue them if they used the taser on him. Such evidence is highly probative of plaintiff's intent and motive in bringing this suit, it is not improper "propensity" evidence under Rule 404, and its probative value is not outweighed by any danger of unfair prejudice, confusion of the issues, undue delay, waste of the jury's time, or any like problems listed in Rule 403. As such, plaintiff's motion must be denied to the extent it seeks to prevent defendants from introducing evidence of this statement by plaintiff.

IV.    **PLAINTIFF'S MOTION *IN LIMINE* NO. 4.**

On December 16, 2011, defendants identified John G. Peters as an expert witness pursuant to Fed. R. Civ. P. 26(a)(2)(B) and provided to plaintiff a written report prepared by Dr. Peters. (Docket No. 100, Ex. 1.) On the same date, defendants identified three health care providers, Dr. Aaron Butler, Dr. James Deming, and Vicky Bethke, as potential expert witnesses

with respect to plaintiff's alleged damages pursuant to Fed. R. Civ. P. 26(a)(2)(C). (*Id.*) In doing so, defendants expressly stated that, if called, these health care providers would be expected to testify regarding their care and treatment of plaintiff consistent with the records of such care and treatment and, with respect to Drs. Butler and Deming, the opinions offered in their depositions of November 16, 2011. (*Id.*) As such, defendants must be allowed, if necessary, to present the expert testimony of Dr. Peters and these three treating health care providers, and plaintiff's motion *in limine* must be denied to extent it seeks to limit the ability of defendants to do so. Defendants do not otherwise intend to offer any expert testimony, so plaintiff's motion is otherwise unnecessary.

## V.     PLAINTIFF'S MOTION *IN LIMINE* NO. 5.

Defendants do not oppose plaintiff's motion *in limine* seeking to allow him to appear at trial in street clothes and without restraints, assuming the U.S. Marshall's office or officials from the Wisconsin Department of Corrections do not identify a need for plaintiff to remain in uniform or restraints for security purposes.

Dated this 21st day of September, 2012.

s/ Timothy H. Posnanski
Andrew A. Jones
Timothy H. Posnanski
Attorneys for Defendants
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, WI 53202-3819
(414) 271-2300  Phone
(414) 223-5000  Fax
ajones@whdlaw.com
tposnanski@whdlaw.com