## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

MICHAEL B. KINGSLEY,

          Plaintiff,

vs.

          Civil Action No. 10-CV-832-bbc

LISA JOSVAI, PATRICIA FISH, ROBERT
CONROY, STAN HENDRICKSON, FRITZ
DEGNER AND KARL BLANTON,

          Defendants.

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Plaintiff Michael Kingsley submits his objections to defendants' proposed jury

Instructions (Dkt. 84; Dkt. 85) and respectfully requests that the Court adopt plaintiff's proposed

instructions (Dkt. 97). Plaintiff reserves the right to object to other instructions as the

circumstances warrant.

**I.      Liability Jury Instructions**

      **A.      Defendants' Proposed Instruction 2: Dismissed Defendants**

Defendants Proposed Instruction 2 states that Lisa Josvai and Patricia Fish are no longer

defendants in the case and instructs the jury not to speculate as to the reason. Plaintiff objects and

submits that it is not necessary for the Court to say anything at all about dismissed defendants

unless evidence relating to their former status as defendants is introduced at trial. Otherwise, the

jury may be led to inappropriately speculate that Mr. Kingsley's claims have less merit because

he originally sued more individuals than those who are presently defendants, or that he inclined

to sue individuals indiscriminately. These issues are a distraction and not relevant to the issues at

trial. If the Court is inclined to include this instruction anyway, Plaintiff requests that the language be changed to:

"You may have noted that other individuals were previously defendants in the case. You should not speculate on the reasons. You should not consider the fact that others may have been defendants when considering the issues in this case. You should only consider claims against the individuals you have been instructed to consider."

Plaintiff submits that if any instruction is to be used, his proposed instruction is more appropriate because it attempts to cure the prejudice that may result from knowledge that others were previously named as defendants.

### B. Defendants' Proposed Instruction 3: Police Department/Municipality Not a Party

Defendants' Proposed Instruction 3 is unnecessary and unfairly prejudicial. It is unnecessary because Mr. Kingsley is not contending that Monroe County is a party to this lawsuit. It is unfairly prejudicial because it wrongly suggests to the jury that defendants will have to pay any judgment from their own funds.

Defendants' instruction is also unnecessary because in addition to the fact that Monroe County is not a party, both parties' proposed jury instructions already emphasize that this case involves four individual defendants, as opposed to any governmental entity. Plaintiff's Proposed Instruction Nos. 5, 6, and 7 either mention defendants by name or use the phrase "each individual defendant." (See, e.g., Dkt. 97, Pl.'s Jury Instr. at 9 ("You should evaluate this question separately with respect to each individual defendant.").) Defendants likewise emphasize the individual defendants in their Proposed Instruction 1. Defendants' proposed instruction also creates more confusion by suggesting to the jury that Monroe County could have been a party.

2

Given that this instruction is not necessary, its only purpose would be to evoke sympathy for the defendants and incorrectly suggest that they will personally have to pay any judgment if they are found liable. This is compounded by defendant's Motion *in Limine* 9, which seeks an order precluding plaintiff from presenting any evidence of insurance. Plaintiff does not oppose this latter motion, but just as evidence of insurance could unfairly influence the jury in plaintiff's favor, the (incorrect) suggestion that defendants lack insurance could unfairly influence the jury in defendants' favor. Nothing should be said or implied at all about insurance or indemnity. This instruction serves no legitimate purpose, and, consequently, the Court should not issue it.

## C.    Defendants' Proposed Instruction 5: Excessive Force

Plaintiff objects to defendants' Proposed Instruction 5 because it applies the wrong legal standard. Plaintiff specifically objects to the statement that "Plaintiff must prove by a preponderance of the evidence that the force used by Defendants was not applied in a good faith effort to maintain or restore discipline, but was instead applied maliciously or sadistically for the very purpose of causing harm." (Dkt. 84, Defs.' Jury Instr. at 7.) Defendants' language applies when assessing excessive force claims brought under the Eighth Amendment. Mr. Kingsley's claim, however, is based on the Fourteenth Amendment. Consequently, the Court should adopt plaintiff's Proposed Jury Instruction No. 6, which states: "Plaintiff must prove by a preponderance of the evidence that Defendants used unreasonable force against him." (Dkt. 97; Pl.'s Jury Instr. at 9.)

In this case, it is undisputed that plaintiff was a pretrial detainee and thus protected by the Fourteenth Amendment, not the Eighth Amendment. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The difference between the Fourteenth Amendment and Eighth Amendment is important in the context of excessive force claims "because the Due Process Clause, which

3

prohibits all 'punishment,' affords broader protection than the Eighth Amendment's protection against only punishment that is 'cruel and unusual.'" *Id.* at 473-474.

The Seventh Circuit has upheld jury instructions in a Fourteen Amendment excessive force case that focused on the objective reasonableness of an officer's actions. *Wilson v. Williams*, 83 F.3d 870, 876 (7th Cir. 1996). Specifically, the court in *Wilson* affirmed the use of jury instructions where the district court focused the inquiry on the objective reasonableness of the officers' actions "without regard to their underlying intent or motivation." *Id.*[1] Similarly, this Court as well as other courts have followed suit and used this standard in assessing a Fourteenth Amendment excessive force claim. *See Bonnin v. Eau Claire Cty*, Case No. 03-C-065-C, 2004 U.S. Dist. LEXIS 2433, at *9 (W.D. Wis. Jan. 13, 2004) (Crabb, J.) (noting in Fourteenth Amendment excessive force case that "[i]n determining whether force was excessive in a particular situation, the guiding inquiry is whether officials behaved in a reasonable way in light of the facts and circumstances confronting them"); *King v. Price*, Case No. 99-1374, 2000 U.S. App. LEXIS 15486, at *6 (7th Cir. June 26, 2000); *Thomas v. Huston*, Case No. 08-1101, 2010 U.S. Dist. LEXIS 24439, at *24-26 (C.D. Ill. Mar. 16, 2010); *Black v. Carey*, Case No. 07-cv-3317, 2010 U.S. Dist. LEXIS 7647, at *2-3, 5-6. 11-12 (C.D. Ill. Jan. 29, 2010) (adopting modified versions of Seventh Circuit Pattern Jury Instruction 7.08 and 7.09).The pattern jury instructions promulgated by the Seventh Circuit also take this approach. *See* Federal Civil Jury Instructions of the Seventh Circuit § 7.08 (2005 rev.). This standard offers more protection to plaintiff than defendant's Eighth Amendment standard; an officer may apply force to a convicted inmate that is unreasonable under the circumstances without violating the Eighth Amendment's prohibition of cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

---

[1] Other language in *Wilson* suggesting a different standard relates to a situation where the defendant asserts self- defense and is not applicable to the circumstances here.

Defendants' instruction, which is based on Eighth Amendment case law, provides less protection to plaintiff than he is entitled to and should therefore be rejected. *See Black*, 2010 U.S. Dist. LEXIS 7647 at *10-11 (rejecting instructions premised on an Eighth Amendment standard because "[t]here is nothing to indicate that 'the Eighth Amendment's limited safeguards against only 'cruel and unusual' punishment should supplant the Fourteenth Amendment's broader protections against punishment 'in any way'") (quoting *Lewis*, 581 F.3d at 474). The two cases cited as sources for defendants' proposed instruction are Eighth Amendment cases. *Hudson v. MicMillian*, 504 U.S. 1 (1992); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). And the language used in defendants' instruction comes directly from the *Hudson* Court's description of what constitutes "unnecessary and wanton pain and suffering." *Hudson*, 475 U.S. at 6.

Defendants offer no explanation for why the stricter Eighth Amendment standard should apply, other than perhaps because the Court applied it at summary judgment. But that does not mean defendants' proposed jury instruction should stand. In its summary judgment order the Court pointed out that neither plaintiff, who was unrepresented at that time, nor defendants proposed a standard different from the Eighth Amendment. At that stage, this case was similar to *Lewis* and *Forrest v. Prine* because in those cases, the Seventh Circuit applied the Eighth Amendment standard only because the parties did not propose anything different. *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010) (noting that the plaintiff did not explain why a standard different from the traditional Eighth Amendment standard should apply); *Lewis*, 581 F.3d at 475 (applying Eighth Amendment because "Lewis has argued only for these more limited protections"). This case now differs from those decisions, however, because plaintiff proposes a more appropriate Fourteenth Amendment standard. *See Black*, 2010 U.S. Dist. LEXIS 7647 at *10 ("In the instant case, Black has not limited himself to an Eighth Amendment claim."). In any

5

event, the fact that this case survived summary judgment even under a more stringent standard than necessary (due to the lack of guidance from the parties) does not provide any rational basis for precluding use of a more appropriate standard for the jury.

Finally, Mr. Kingsley notes that there is substantial agreement between the parties on which factors the jury should be instructed when assessing excessive force. Defendants list their factors in Proposed Instruction 5, and plaintiff's factors are in Proposed Instruction No. 7. Mr. Kingsley submits that his factors are more appropriate because they are taken from *Graham v. Connor*, 490 U.S. 386, 396 (1989) and *Wilson*, which are Fourth and Fourteenth Amendment cases, respectively, whereas defendants' factors are drawn from Eighth Amendment case law. *See* Federal Civil Jury Instructions of the Seventh Circuit § 7.09 (2005 rev.); *Wilson*, 83 F.3d at 875 ("We have also stated that 'most of the time the propriety of using force on a person in custody pending trial will track the Fourth Amendment . . . ."). This makes sense because both the Fourth and Fourteenth Amendments cover the broader situation where, as here, the subject is not being detained because of a conviction.

### D.     Defendants' Proposed Instruction 6: Battery

Plaintiff did not propose a battery instruction and will be withdrawing his state law battery claim. Accordingly, this instruction is unnecessary.

## II.     Damages Jury Instructions

### A.     Defendants' Proposed Instruction 1: Proximate Cause

Mr. Kingsley objects to defendants' Proposed Instruction 1 on proximate cause because it is unnecessary and unfairly prejudicial. Specifically, "proximate cause" is not an element of Mr. Kingsley's excessive force claim and is not necessary to evaluate his compensatory or punitive damages claims. Rather, the concept as applied here is unhelpful and confusing.

6

To begin, "proximate cause" is not an element of Mr. Kingsley's excessive force cause of action, and this proposed instruction inserts such an element. The Seventh Circuit Pattern Jury Instructions do not list proximate causation as an element of excessive force. *Id.* § 7.08. Moreover, the Committee that drafted these instructions expressed doubt that harm is an element of the excessive force cause of action at all. *Id.* § 7.08, Committee Comments b.

The proximate cause instruction is also not necessary to evaluate Mr. Kingsley's damages claims. It is not needed for his claim for compensatory damages due to pain and suffering because Mr. Kingsley's proposed instructions adequately instruct the jury that they are to compensate him only for the harm arising out of defendants' excessive force. For instance, plaintiff's Proposed Instruction No. 10 states: "If you find that at least one Defendant used unreasonable force against Plaintiff, then you must determine whether Plaintiff was harmed *by that unreasonable force* . . . ." (Dkt. 97, Pl.'s Jury Instr. at 13 (emphasis added).) Mr. Kingsley's proposed instruction is simple and easy to understand. Defendants' proposed instruction is also not necessary to assess Mr. Kingsley's punitive damages claim, and in fact contradicts both parties' punitive damages instructions by suggesting that there must be harm to Mr. Kingsley to obtain punitive damages.

Finally, the addition of a proximate cause instruction adds confusion and unfair prejudice. The phrase "proximate cause" does not appear anywhere else in either sides' proposed instructions or the Court's standard instructions. Since it is not necessary for any of Mr. Kingsley's claims and does not appear anywhere else, the jury would therefore be instructed on a phrase they have no occasion to use. Defendants cite a treatise by O'Malley, but the fact that O'Malley lists a "proximate cause" instruction is irrelevant, because this treatise also lists a number of jury instructions under § 1983 that do include a proximate cause element. *See, e.g.,*

7

3B Kevin F. O'Malley, et al., *Federal Jury Practice & Instructions* § 165.20 (5th ed. 2001). The Committee that drafted the Seventh Circuit Pattern Jury Instructions also declined to include a general instruction regarding "proximate cause" or legal cause" "because these terms are not uniformly defined." Federal Civil Jury Instructions of the Seventh Circuit § 1.30 (2005 rev.) The Court should follow this guidance and decline to insert a proximate cause instruction because it is confusing, unnecessary, and contradicts the sides' punitive damages instruction.

### B.    Defendants' Proposed Instruction 2: Compensatory Damages

Defendants and plaintiff both base their proposed jury instructions on compensatory damages on the Seventh Circuit Pattern Jury Instructions. Plaintiff objects to defendants' instruction, however, because plaintiff's is clearer and hews more closely to the Court's standard jury instructions on damages. Unlike defendants' instruction, plaintiff's Proposed Instruction No. 10 emphasizes that the jury must focus on the harm that was caused "by that unreasonable force," recognizes that plaintiff may recover damages even if only one defendant is found liable, and distinguishes compensatory damages from punitive damages. In addition, plaintiff's instruction uses the "Pain and Suffering" language from this Court's standard instructions, whereas defendants' instruction does not. Further, defendants' instruction on nominal damages unfairly prejudices plaintiff by suggesting that the jury can ignore any evidence of harm and instead "split the baby" by finding a defendant liable but not awarding any damages. The analysis should be straightforward: consider liability first and then consider damages.

### C.    Defendants' Proposed Instruction 3: Punitive Damages

Defendants' proposed punitive damages instruction is unnecessary and potentially confusing. The Court already has a standard instruction on punitive damages that it will use, and there is no need to add "additional factors" that may confuse the jury. For example, defendants'

8

instruction instructs the jury to consider "the impact of Defendants' conduct on "Plaintiff,"

which invites the jury to consider compensatory damages. The latter should be evaluated

independently of punitive damages because the bases for the two types of damages are different

and should not be confused.

Dated:  September 21, 2012                    Respectfully submitted,

                                              **MERCHANT & GOULD, P.C.**

                                   By:     /s/ *Joel F. Graham*
                                           Edward J. Pardon
                                           Wendy M. Ward
                                           Joel F. Graham
                                           MERCHANT & GOULD P.C.
                                           10 East Doty Street, Suite 600
                                           Madison, WI  53703-3376
                                           Telephone:  (608) 280-6750
                                           epardon@merchantgould.com
                                           wward@merchantgould.com
                                           jfgraham@merchantgould.com

                                           Attorneys for Plaintiff Michael B. Kingsley