UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

MICHAEL B. KINGSLEY,

    Plaintiff,

vs.                                                Civil Action No. 10-CV-832-bbc

LISA JOSVAI, PATRICIA FISH, ROBERT
CONROY, STAN HENDRICKSON, FRITZ
DEGNER AND KARL BLANTON,

    Defendants.

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORMS**

Plaintiff Michael Kingsley submits his objections to defendants' Proposed Verdict Forms (Dkt. 86; Dkt. 87) and respectfully requests that the Court adopt Plaintiff's Proposed Special Verdict Questions (Dkt. 95.)

**A.    Liability Verdict Form**

Plaintiff objects to defendants' Proposed Verdict Form of Defendants for Liability Phase of Trial (Dkt. 86). Plaintiff objects to Question Nos. 1-4 because asking the jury whether a particular defendant used "excessive force" is potentially confusing and adds unnecessary complexity to the jury's task. As noted in plaintiff's Proposed Jury Instruction No. 6, which mirrors the Seventh Circuit Pattern Jury Instructions, the key excessive force inquiry in this case is whether defendants' use of force was unreasonable. *See* Dkt. 97, Pl.'s Jury Instr.; *see also* Plaintiff's Objections to Defendants' JI No. 5; Plaintiff's Objections to Defendants' MIL I.D.) If the Court uses defendants' liability verdict form, the jury will have to perform a two-step reasoning process linking "excessive force" with "unreasonable force." This is potentially confusing and unnecessarily complex. Plaintiff's

Question No. 1 appropriately collapses these concepts into one clearer question – did any defendant use unreasonable force. (Dkt. 95, Pl.'s Special Verdict Questions.)

With respect to defendants' Question Nos. 5-8 regarding battery, Mr. Kingsley will be withdrawing his state law battery claim so these questions are not necessary.

**B.     Damages Verdict Form**

Plaintiff objects to Defendants' Proposed Verdict Form of Defendants for Damages Phase of Trial (Dkt. 87). Specifically, plaintiff objects to Question No. 1 because it over-emphasizes that possibility that plaintiff may fail to prove any damages. Question No. 1 states: "What sum of money, if any, will fairly and reasonably compensate Michael Kingsley for any damages he sustained as a result of the actions of defendants?" (Dkt. 87, Defs.' Verdict Form Damages (emphasis added).) Using this "any" language twice in one sentence improperly suggests to the jury that plaintiff may not have proved damages. Plaintiff submits that his Question No. 2 is fairer to both parties. (Dkt. 95, Pl.'s Special Verdict Questions.)

Plaintiff also objects to defendants' Question No. 2 because it simply uses the term "punitive damages" without specifying what that means. The jury will need to perform a two-step analysis and consider the more lengthy definition in the Court's instructions. In contrast, plaintiff's proposed instruction in Question No. 3(a) of plaintiff's special verdict form tracks the Court's jury instruction on punitive damages and gives the jury clear guidance about what it needs to assess. (Dkt. 95.)

Dated: September 21, 2012          Respectfully submitted,

**MERCHANT & GOULD, P.C.**

By:    /s/ *Joel F. Graham*
Edward J. Pardon
Wendy M. Ward
Joel F. Graham
MERCHANT & GOULD P.C.
10 East Doty Street, Suite 600
Madison, WI 53703-3376
Telephone: (608) 280-6750
epardon@merchantgould.com
wward@merchantgould.com
jfgraham@merchantgould.com

Attorneys for Plaintiff Michael B. Kingsley