IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| MICHAEL KINGSLEY, | PRETRIAL CONFERENCE ORDER |
| Plaintiff, | |
| | 10-cv-832-bbc |
| v. | |
| STAN HENDRICKSON and FRITZ DEGNER, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A final pretrial conference was held in this case on October 2, 2012, before United States District Judge Barbara B. Crabb. Plaintiff appeared by Edward Pardon, Wendy Ward and Joel Graham. Defendants appeared by Andrew Jones and Timothy Posnanski.

Counsel predicted that the case would take 3 days to try. They understand that trial days will begin at 9:00 and will run until 5:30, with at least an hour for lunch, a short break in the morning and another in the afternoon. The jury will be selected on Tuesday, October 9, 2012 by United States Magistrate Judge Stephen Crocker.

Counsel agreed to the voir dire questions in the form distributed to them at the

1

conference and to adding four witnesses (Robert Conroy, Karl Blanton, Nicholas Manka and John Peters) to the list of prospective witnesses included in the voir dire. The jury will consist of eight jurors to be selected from a qualified panel of fourteen. Each side will exercise three peremptory challenges against the panel. After the jury is selected, the magistrate judge will read the introductory instructions to the jury.

Counsel agreed that with the exception of experts, all witnesses would be sequestered. Counsel are either familiar with the court's visual presentation system or will make arrangements with the clerk for instruction on the system.

No later than noon on October 12, 2012, plaintiff's counsel will advise defendants' counsel of the witnesses plaintiff will be calling on Monday and the order in which they will be called. Counsel should give similar advice at the end of each trial day; defendants' counsel shall have the same responsibility in advance of defendants' case. Also, no later than noon on October 12, counsel shall meet to agree on any exhibits that either side wishes to use in opening statements. Any disputes over the use of exhibits are to be raised with the court before the start of opening statements.

Counsel should use the microphones at all times and address the bench with all objections. If counsel need to consult with one another, they should ask for permission to do so. Only the lawyer questioning a particular witness may raise objections to questions put to the witness by the opposing party and argue the objection at any bench conference.
2

Counsel are to provide copies of documentary evidence to the court before the start of the first day of trial.

Counsel discussed the form of the verdict and the instructions. Final decisions on the instructions and form of verdict will be made at the instruction conference at the close of evidence.

The parties have stipulated to the dismissal of plaintiff's state law claim for assault and battery and plaintiff's § 1983 claims against Robert Conroy and Karl Blanton and the removal of defendant Lisa Josvai and Patricia Fish from the suit and the court has signed an order to that effect. The voir dire, verdict form and instructions have been amended to reflect these changes.

Defendants renewed their request to have the jurors informed that Monroe County is not a party to plaintiff's suit. After considering this request again, I am persuaded that doing so is not necessary to protect the county's rights.

Defendants asked for clarification of the discrepancy in the court's order on the motions in limine. The ruling in the "Order" portion at p. 24 stands: defendants may ask plaintiff whether he has a prior conviction; they may not ask him how many prior convictions he has.

Both sides have stated objections to the proposed instruction on excessive force. For now, I am leaving it as is, with the exception of a change to subsection (3). That subsection

3

will read: "Defendants knew that using force presented a risk of harm to plaintiff, but they recklessly disregarded plaintiff's safety by failing to take reasonable measures to minimize the risk of harm.

In addition, I have added an instruction about nominal damages to the instruction on compensatory damages.

Entered this 3d day of October 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4