IN UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL B. KINGSLEY,

      Plaintiff,

  v.                                  Civil Action No. 10-cv-0832-JDP

STAN HENDRICKSON, ET AL.,

      Defendants.

---

**PLAINTIFF'S MOTION TO BIFURCATE TRIAL AND TO EXCLUDE EVIDENCE OF DEFENDANTS' SUBJECTIVE INTENT DURING LIABILITY PHASE OF TRIAL**

---

Bifurcation of trial and exclusion of evidence relating to Defendants' subjective intent is necessary to effectuate the Supreme Court's recent holding that the standard in excessive force cases does not include a subjective component. "[T]he appropriate standard for a pretrial detainee's excessive force claim is <u>solely</u> an objective one" under which the pretrial detainee "must show <u>only</u> that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (emphasis added). Without bifurcation the Supreme Court's clarification of the appropriate standard will be all for naught: despite being irrelevant to the determination of liability, evidence of Defendants' subjective intent will enter through the backdoor as relevant to Plaintiff's claim for punitive damages. The risk of the jury erroneously considering Defendants' subjective intent when assessing the violation of Plaintiff's constitutional rights is too great. Pursuant to Federal Rule of Civil Procedure 42(b), Plaintiff Michael Kingsley requests the Court bifurcate the liability and damages phases of this trial to prevent prejudice to Plaintiff, minimize juror confusion, and

1

ensure the jury applies the correct legal standard when assessing excessive force. For the same reasons, Plaintiff further requests the Court exclude all evidence of Defendants' subjective intent during the liability phase of trial. Such evidence is irrelevant to the determination of liability, and it should be excluded under Federal Rules of Evidence 402 and 403.

Under Federal Rule of Civil Procedure Rule 42(b), this Court has considerable discretion to bifurcate trial. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). A court may bifurcate trial when bifurcation (1) serves the interests of judicial economy or prevents prejudice to a party; (2) does not unfairly prejudice the non-moving party; and (3) does not violate the Seventh Amendment. *Krocka*, 203 F.3d at 516 (citing Fed. R. Civ. P. 42(b)). Here, each of those prongs is met.

Evidence of the Defendants' subjective intent is irrelevant to the issue of excessive force under the Fourteenth Amendment. *Kingsley*, 135 S. Ct. at 2473. Bifurcating the trial and excluding evidence of the Defendants' subjective intent during the liability phase ensures that both parties receive a fair trial and that Plaintiff will not be prejudiced. *See Rushing v. Debose*, No. 10-cv-3551, 2011 U.S. Dist. LEXIS 112697, at *11-14 (N.D. Ill. Sept. 30, 2011) (bifurcating liability and compensatory damages from punitive damages phase of trial and precluding evidence of officers' subjective intent during liability phase); *Huddleston v. Pohlman*, No. 06-cv-3009, 2007 U.S. Dist. LEXIS 13356, at *2 (C.D. Ill. Feb. 27, 2007) (where Defendants' subjective intent was only relevant to the issue of punitive damages and not liability, Court bifurcated liability and damages phases to prevent prejudice to the moving party); *see also Morgutia-Johnson v. Hustedde*, No. 1:14-cv-127, 2015 U.S. Dist. LEXIS 54150, at *45-46 (E.D. Cal. Apr. 23, 2015) (where Plaintiff asserted, *inter alia*, violation of her Fourth and Fourteenth Amendment rights, Court indicated that the issue of punitive damages would be bifurcated).

Plaintiff will receive a fair trial under which his constitutional rights are analyzed under the proper standard—a solely objective one—while Defendants will still be able to present evidence of their subjective intent to negate or minimize any award of punitive damages during the damages phase of trial. Moreover, bifurcation prevents the jury from being confused as to whether the Defendants' subjective intent or beliefs are relevant to assessing whether the Defendants used excessive force. *Rushing*, 2011 U.S. Dist. LEXIS 112697, at *11-14 (explaining that allowing evidence as to the officers' subjective intent and state of mind created a "risk . . . that the jury will be confused and distracted, and that [the moving party] will be prejudiced"); *see also Chlopek v. Fed. Ins. Co.*, No. 05-C-545-S, 2006 U.S. Dist. LEXIS 42199, at *5 (W.D. Wis. June 21, 2006) (bifurcation promoted fairness by permitting the jury to assess liability without the potential unfair prejudice which could result from the jury's sympathy for a party). And bifurcation ensures the jury will not be tasked with the difficult, if not impossible, chore of attempting to mentally separate and not consider testimony relating to subjective intent when determining liability under an objective reasonableness standard.

To the extent any testimony from the liability and damages phases overlaps, repetitive testimony may be avoided by simply referring to the prior testimony in the opening and closing argument. *Wis. Alumni Research Found. v. Apple, Inc.*, No. 14-cv-062-wmc, 2015 U.S. Dist. LEXIS 130906, at *41 (W.D. Wis. Sept. 29, 2015). And "[a]ny efficiency . . . gained by having a witness only testify one time is far-outweighed by the court's interest in structuring the trial to aid the jury in deciding the various issues before it without confusion or unnecessary expenditure of resources and time." *Id.* at *42.

Bifurcation provides both sides with a fair trial in which all relevant facts are considered yet neither side receives an advantage through introduction of irrelevant and confusing

testimony. The Court should (1) exercise its discretion under Federal Rule of Civil Procedure 42(b) and bifurcate this trial and (2) exclude evidence of Defendants' subjective intent during the liability phase as irrelevant and prejudicial under Federal Rules of Evidence 402 and 403.

Dated:  January 19, 2016

           Respectfully submitted,

           **MERCHANT & GOULD, P.C.**

By:    s/ *Wendy M. Ward*
       Wendy M. Ward
       Edward J. Pardon
       MERCHANT & GOULD P.C.
       10 East Doty Street, Suite 600
       Madison, WI  53703-3376
       Telephone:  (608) 280-6750
       wward@merchantgould.com
       epardon@merchantgould.com

Attorneys for Plaintiff Michael B. Kingsley