# EXHIBIT B

## II.  POST-TRIAL INSTRUCTIONS

**Introduction**

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and the arguments, I will give you the instructions that will govern your deliberations in the jury room.  It is my job to decide what rules of law apply to the case and to explain those rules to you.  It is your job to follow the rules, even if you disagree with them or don't understand the reasons for them.  You must follow <u>all</u> of the rules; you may not follow some and ignore others.

The decision you reach in the jury room must be unanimous.  In other words, you must all agree on the answer to each question.

Your deliberations will be secret.  You will never have to explain your verdict to anyone.

If you have formed any idea that I have an opinion about how the case should be decided, disregard that idea.  It is your job, not mine, to decide the facts of this case.

The case will be submitted to you in the form of a special verdict consisting of 4 questions.  In answering the questions, you should consider only the evidence that has been received at this trial.  Do not concern yourselves with whether your answers will be favorable to one side or another, or with what the final result of this lawsuit may be.

Note that certain questions in the verdict are to be answered only if you answer a preceding question in a certain manner.  Read the introductory portion of each question very carefully before you undertake to answer it.  Do not answer questions needlessly.

**Burden of Proof**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.  On the liability questions in the special verdict, the burden of proof is on the party contending that the answer to a question should be "yes."  You should base your decision on all of the evidence, regardless which party

1

presented it.

## Answers Not Based on Guesswork

If, after you have discussed the testimony and all other evidence that bears upon a particular question, you find that the evidence is so uncertain or inadequate that you have to guess what the answer should be, then the party having the burden of proof as to that question has not met the required burden of proof. Your answers are not to be based on guesswork or speculation. They are to be based upon credible evidence from which you can find the existence of the facts that the party must prove in order to satisfy the burden of proof on the question under consideration. In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless who introduced it.

## Number of Witnesses

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a large number. You need not accept the testimony of the larger number of witnesses.

## All Persons Equal Before the Law

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

## Conviction of Crime

You have heard evidence that plaintiff Michael Kingsley has been convicted of a felony. You may use that evidence to help you decide whether plaintiff's testimony is truthful and how much weight to give his testimony. You may not consider this evidence for any other purpose.

Case: 3:10-cv-00832-bbc Document #: 146 Filed: 10/18/12 Page 3 of 8

## Multiple Defendants

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other is also liable. In considering a claim against a defendant, you must not consider evidence admitted only against other defendants.

## Special Verdict Questions

Plaintiff alleges that defendants used excessive force against him.

Question No. 1 asks whether on May 21, 2010, one or both defendants used excessive force against plaintiff.

Excessive force means force applied recklessly that is unreasonable in light of the facts and circumstances of the time. Thus, to succeed on his claim of excessive use of force, plaintiff must prove each of the following factors by a preponderance of the evidence:

(1) Defendants used force on plaintiff;

(2) Defendants' use of force was unreasonable in light of the facts and circumstances at the time;

(3) Defendants knew that using force presented a risk of harm to plaintiff, but they recklessly disregarded plaintiff's safety by failing to take reasonable measures to minimize the risk of harm to plaintiff; and

(4) Defendants' conduct caused some harm to plaintiff.

In deciding whether one or more defendants used "unreasonable" force against plaintiff, you must consider whether it was unreasonable from the perspective of a reasonable officer facing the same circumstances that defendants faced. You must make this decision based on what defendants knew at the time of the incident, not based on what you know now.

Also, in deciding whether one or more defendants used unreasonable force and acted with reckless disregard of plaintiff's rights, you may consider such factors as:

- The need to use force;
- The relationship between the need to use force and the amount of force used;
- The extent of plaintiff's injury;
- Whether defendants reasonably believed there was a threat to the safety of staff or prisoners; and
- Any efforts made by defendants to limit the amount of force used.

A person can be harmed even if he did not suffer a severe injury.

You have heard evidence about whether the defendants' conduct complied with or violated their training and Monroe County Sheriff's Department policies. You may consider this evidence in your deliberations. But remember that the issue is whether the defendants used excessive force on plaintiff, not whether defendants complied with or violated their training or the Monroe County Sheriff's Department policies.

If you find that plaintiff has proved each element of his excessive force claim by a preponderance of the evidence with respect to one or both defendants, you should answer "Yes" in the appropriate space in Question No. 1. Then proceed to Question No. 2.

If, on the other hand, you find that plaintiff has failed to prove any element of his excessive force claim by a preponderance of the evidence with respect to one or both defendants, you should answer "No" in the appropriate space in Question No. 1. If you answer "No" as to both defendants in Question No. 1, you should not consider any more questions.

## Damages Questions

Questions Numbers 2, 3 and 4 involve the issue of damages. If you answer "Yes" to Question No. 1 for one or both defendants, then you must answer Question No. 2 and Question No. 3 for those defendants.

## Compensatory damages

Question No. 2 asks what amount of money, if any, will fully and fairly compensate plaintiff for the harm caused by defendants.  These are called "compensatory damages."

Plaintiff has the burden of convincing you, by the preponderance of the evidence, both that he has been injured or damaged and the amount of the damages.  This does not mean, however, that plaintiff must produce evidence that is as exact as the evidence needed to support findings on other questions in the verdict.  Determining damages involves the consideration of many different factors that cannot be measured precisely.  In determining the damages you must base your answer on evidence that reasonably supports your determination of damages under all of the circumstances of the case.

Compensatory damages are not restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if these are not easy to measure. You should consider the physical, mental and emotional pain and suffering that plaintiff has experienced.

Do not measure damages by what the lawyers ask for in their arguments.  Their opinions as to what damages should be awarded should not influence you unless their opinions are supported by the evidence.  It is your job to determine the amount of the damages sustained from the evidence you have seen and heard.  Examine that evidence carefully and impartially.  Do not add to the damage award or subtract anything from it because of sympathy to one side or because of hostility to one side.  Do not make any deductions because of a doubt in your minds about the liability of any of the parties.

If you find in favor of plaintiff on Question No. 1 but find that he has failed to prove that he has suffered any compensatory damages, you should enter $1.00 in nominal damages for plaintiff in Question No. 2.

## Punitive Damages

Question No. 3 asks whether one or both defendants acted in a way that demonstrated a willful or reckless disregard for plaintiff's rights.  If you answered "yes" to

5

Question No. 3 with respect to one or both defendants, you may award punitive damages in <u>Question No. 4</u> against those defendants.

Punitive damages are never a matter of right.  This means that you are not required to make any award of punitive damages, but you may do so if you think it is proper under the circumstances.   It is in the jury's discretion to award or withhold them.

Punitive damages may be awarded even if the violation of plaintiff's rights resulted in only nominal compensatory damages.  That is, you may award punitive damages even if the plaintiff can show no damages or other injury as a result of defendants' actions.

The purposes of punitive damages are to punish the defendants for their conduct and to serve as an example or warning to the defendants and others not to engage in similar conduct in the future.  Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against defendants.

You may assess punitive damages only if you find that the conduct of at least one of the defendants was in reckless disregard of plaintiff's rights.  An action is in reckless disregard of plaintiff's rights if under the circumstances, it reflects complete indifference to plaintiff's safety or rights.  If you find that a defendant's conduct was motivated by evil motive or intent, such as ill will or spite or grudge either toward plaintiff individually or toward all persons such as plaintiff, then you may find that the defendant deliberately violated the plaintiff's rights.  In addition, if the defendant was in a position in which he certainly should have known that his conduct would violate the plaintiff's rights, and proceeded to act in disregard of that knowledge and of the harm or the risk of harm that would result to the plaintiff, then that defendant acted with reckless disregard for the plaintiff's rights.

 If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party.   In determining the amount of any punitive damages, you should consider the following factors:

•	the reprehensibility of defendants' conduct;

- the impact of defendants' conduct on plaintiff;

- the relationship between the plaintiff and defendants;

- the likelihood that defendants would repeat the conduct if an award of punitive damages is not made; and

- the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

**Selection of Presiding Juror; Communication with the Judge; Verdict**

When you go to the jury room to begin considering the evidence in this case you should first select one of the members of the jury to act as your presiding juror. This person will help to guide your discussions in the jury room.

You are free to deliberate in any way you decide or select whomever you like as a presiding juror. When thinking about who should be presiding juror, you may want to consider the role that the presiding juror usually plays. He or she serves as the chairperson during the deliberations and has the responsibility of insuring that all jurors who desire to speak have a chance to do so before any vote. The presiding juror should guide the discussion and encourage all jurors to participate. I encourage you at all times to keep an open mind if you ever disagree or come to conclusions that are different from those of your fellow jurors. Listening carefully and thinking about the other juror's point of view may help you understand that juror's position better or give you a better way to explain why you think your position is correct.

Once you are in the jury room, if you need to communicate with me, the presiding juror will send a written message to me. However, don't tell me how you stand as to your verdict.

As I have mentioned before, the decision you reach must be unanimous; you must all agree.

When you have reached a decision, the presiding juror will sign the verdict form, put a date on it, and all of you will return with the verdict into the courtroom.