IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL B. KINGSLEY,

                Plaintiff,

v.

STAN HENDRICKSON and FRITZ DEGNER,

                Defendants.

ORDER

10-cv-832-jdp

---

    Plaintiff Michael Kingsley has moved for an order bifurcating his upcoming trial into two phases—liability and damages—and precluding defendants from introducing evidence of their subjective intent during the liability phase. Dkt. 188. Plaintiff contends that these measures are necessary to comply with the Supreme Court's decision in this case. Because bifurcation could affect the parties' trial strategies, I will rule on this motion now, rather than with the rest of the parties' motions in limine. Bifurcation may be appropriate because some, but not all, evidence of defendants' subjective state of mind will be relevant to the issue of liability. Thus, I will provisionally grant plaintiff's motion to bifurcate the trial, subject to further input from the parties regarding what specific evidence would be excluded during the liability phase. But I will deny plaintiff's motion to categorically bar all subjective evidence during the liability phase.

    District courts have "considerable discretion to order the bifurcation of a trial," but the factors that guide the exercise of that discretion include whether bifurcation: "1) serves the interests of judicial economy or is done to prevent prejudice to a party; 2) does not unfairly prejudice the non-moving party; and 3) does not violate the Seventh Amendment." *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). Here, these factors turn on what

subjective evidence is relevant to the issue of liability and whether bifurcation would protect the jury from hearing evidence that it should not consider when determining liability.

Plaintiff is correct that the Supreme Court's decision in this case underscores the importance of focusing the jury on the *objective* reasonableness of defendants' actions rather than on their *subjective* intent. The Court held that "a pretrial detainee [who alleges excessive force claims] must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). And as the Court explained, "the relevant standard is objective not subjective. . . . [T]he defendant's state of mind is not a matter that a plaintiff is required to prove." *Id.* at 2472.

But that is not to say that *all* evidence of a defendant's subjective mindset is completely irrelevant to the issue of liability. Indeed, the Court held that "objective reasonableness turns on the facts and circumstances of each particular case. . . . A court must make this determination from the perspective of a reasonable officer on the scene, *including what the officer knew at the time*, not with the 20/20 vision of hindsight." *Id.* at 2473 (emphasis added). Many of the factors that the Court identified as bearing on the reasonableness of an officer's use of force would require at least some evidence of the officer's subjective appraisal of the situation:

- the relationship between the need for the use of force and the amount of force used;
- the extent of the plaintiff's injury;
- any effort made by the officer to temper or to limit the amount of force;
- the severity of the security problem at issue; the threat reasonably perceived by the officer; and
- whether the plaintiff was actively resisting.

2

*Id.* Defendants are correct that some subjective evidence may be relevant to both liability and to damages, even if certain evidence—for example, whether defendants intended to harm plaintiff—will be relevant only to the question of damages.

Bifurcating the trial would ensure that the jury considers specific evidence at the right time and under the right legal standards. But defendants' practical objection to bifurcation is well-founded: it may result in duplicative testimony and similar, if not identical, evidence during both phases.[1] Beyond requesting that I "exclude all evidence of [d]efendants' subjective intent during the liability phase," Dkt. 188, at 2, plaintiff has not identified the specific evidence or categories of evidence that he wants to exclude. I will nevertheless grant plaintiff's motion to bifurcate, at least provisionally, on the assumption that plaintiff will present a concrete plan for identifying the subjective evidence that is relevant only to the question of damages. Even if this result leads to some overlapping testimony, any efficiency "gained by having a witness only testify one time is far-outweighed by the court's interest in structuring the trial to aid the jury in deciding the various issues before it without confusion or unnecessary expenditure of resources and time." *Wis. Alumni Research Found. v. Apple, Inc.*, No. 14-cv-062, 2015 WL 5704356, at *15 (W.D. Wis. Sept. 29, 2015).

During the Final Pretrial Conference, the parties should be prepared to discuss the specific parameters for what subjective evidence will be admissible during the liability phase. As a starting point, the parties should look to the Supreme Court's decision in this case, which provides a practical framework for the issue.

---

[1] Defendants also appear to suggest that this court's usual practice is to not bifurcate trials. *See* Dkt. 205, at 3, 7. Not true. This court routinely bifurcates trials into liability and damages phases. Indeed, the preliminary pretrial conference orders *in this very case* indicated that the trial would be bifurcated. Dkt. 10, at 10 and Dkt. 78, at 4.

ORDER

IT IS ORDERED that plaintiff Michael Kingsley's motion to bifurcate the trial and to exclude evidence of defendants' subjective intent during the liability phase of trial, Dkt. 188, is GRANTED in part. The trial in this case will be bifurcated into a liability phase and, if necessary, a damages phase.

Entered February 3, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge