UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

MICHAEL B. KINGSLEY,

        Plaintiff,

vs.                                    Case No. 10-CV-832

STAN HENDRICKSON and FRITZ DEGNER,

        Defendants.

**MEMORANDUM OF LAW IN RESPONSE TO
PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Pursuant to the Court's Preliminary Pretrial Conference Order and the Order dated October 23, 2015, defendants, Stan Hendrickson and Fritz Degner, submit this memorandum of law in response to Plaintiff's Proposed Jury Instructions (Docket No. 196).

## ARGUMENT

**I.    PLAINTIFF'S PROPOSED INSERTION FOR THE COURT'S STANDARD INTRODUCTORY INSTRUCTIONS.**

Plaintiff proposes the addition of two sentences at the end of the second paragraph of the Court's standard Introductory Instructions. (Docket No. 196 at 3.) The proposed addition provides a cursory summary of the substantive instruction to be given by the Court with respect to the standard for excessive force claims under the Fourteenth Amendment at the close of all of the evidence. While the summary proposed by plaintiff is accurate as far as it goes, it does not fully state the applicable standards as articulated by the Supreme Court in this case. *See* Proposed Jury Instructions of Defendants (Docket No. 193) at Exs. B & C; *see also Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015); Seventh Circuit Pattern Jury Instructions – Civil §§ 7.08 & 7.09. Because it is incomplete, and because the jury will be instructed on the full standard governing their deliberations at the close of the evidence, the insertion proposed by plaintiff

serves no purpose and only clouds the issue for the jury. Plaintiff requested that similar language be included in the Preliminary Instructions at the first trial (Docket No. 97 at 3), and the Court rejected his request (Docket No. 145 at 1). For these reasons, this Court should decline to add the two sentences proposed by plaintiff at the end of the second paragraph of the Introductory Instructions.

## II. PLAINTIFF'S PROPOSED FOURTEENTH AMENDMENT INSTRUCTION.

At the first trial of this action, plaintiff requested that the Court instruct the jury based on the pattern instructions crafted by the Seventh Circuit Pattern Jury Instruction Committee. (Docket No. 97 at 9-10.) Plaintiff renewed this request on appeal before the Seventh Circuit and the Supreme Court, asserting that Judge Crabb committed reversible error in not following the pattern instructions. *See* 744 F.3d 443 (7th Cir. 2014); 135 S. Ct. 2466 (2015). Now, having succeeded with this argument before the Supreme Court, plaintiff abandons complete reliance on the instructions he previously proposed and permitted by the Seventh Circuit Pattern Jury Instruction Committee, instead requesting that this Court omit a key portion of the law expressly endorsed by the Supreme Court. Given the Supreme Court's decision in this case, this Court should give the full pattern instruction as proposed by defendants, not the modified instruction now proposed by plaintiff.

As the Supreme Court concluded, the ultimate question to be answered by the jury is whether the force employed by defendants was objectively unreasonable. 135 S. Ct. at 2472-73. This determination must be made from the perspective of a reasonable officer on the scene facing the same circumstances as the defendants and not with 20/20 hindsight. *Id.* at 2473. Plaintiff's proposed instruction recognizes and incorporates these elements. (Docket No. 196 at 4-5.)

As the Supreme Court also recognized, however, considerations such as the following bear on the question of whether the challenged force is reasonable or unreasonable:

> . . . [T]he relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

135 S. Ct. at 2474 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The same factors are recognized by the Seventh Circuit Pattern Jury Instruction Committee as factors a court may choose to include in instructing a jury. Seventh Circuit Pattern Jury Instructions – Civil § 7.09 (comment b). Moreover, these factors were included in the instructions proposed by plaintiff before the first trial and were part of plaintiff's arguments before the Seventh Circuit and the Supreme Court.

Now, however, plaintiff proposes that the Court exclude these factors from its instructions to the jury. (Docket No. 196 at 5.) Plaintiff provides no explanation for this omission, and the omission of these factors would run directly counter to the Supreme Court's decision in this case. As such, defendants submit that this Court should reject plaintiff's proposed instruction and should instead instruct the jury using the language proposed by defendants (Docket No. 193 at Exs. B & C), which is consistent with both the Supreme Court's decision and the Seventh Circuit pattern instructions.

Dated this 5th day of February, 2016.

s/ Andrew A. Jones
Andrew A. Jones
Timothy H. Posnanski
Attorneys for Defendants
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, WI  53202-3819
(414) 271-2300  Phone
(414) 223-5000  Fax
ajones@whdlaw.com
tposnanski@whdlaw.com