IN UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL B. KINGSLEY,

    Plaintiff,

  v.                                                                     Civil Action No. 10-cv-0832-JDP

STAN HENDRICKSON, ET AL.,

    Defendants.

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

       Plaintiff Michael Kingsley submits his objections to Defendants' Proposed Jury Instructions (Dkt. 193, 193-1, 193-2, 193-3) and respectfully requests that the Court adopt Plaintiff's Proposed Jury Instructions (Dkt. 196).

**A.**    **Defendants' Proposed Instruction 1: Police Department/Municipality Not a Party (Dkt. 193-1)**

       Defendants' Proposed Instruction 1 is unnecessary and unfairly prejudicial. It is unnecessary because Mr. Kingsley is not contending that Monroe County is a party to this lawsuit. It is unfairly prejudicial because it wrongly suggests to the jury that Defendants will have to pay any judgment from their own funds.

       Defendants' instruction is also unnecessary because in addition to the fact that Monroe County is not a party, both parties' proposed jury instructions already emphasize that this case involves two individual defendants as opposed to any governmental entity, and specifically list them by name. Both parties have proposed adopting the instructions used in the original trial of this matter (Dkt. 145, 146), with slight revisions. Notably, neither party has suggested revising

or removing the following instruction: "The parties against whom the suit is brought are called defendants. In this action, the defendants are Stanley Hendrickson and Fritz Degner." (Dkt. 145 at 1).  Thus, there is no legitimate purpose for including an instruction specifically indicating that the police department/municipality is not a party.

Given that this instruction is not necessary, its only purpose would be to evoke sympathy for Defendants and incorrectly suggest that they will personally have to pay any judgment if they are found liable.  This is compounded by Defendants' Motion in Limine 9 from the original trial of this mater (Dkt. 91 at 21-22) which sought an order precluding Plaintiff from presenting any evidence of insurance.  Plaintiff did not oppose this motion (Dkt. 121 at 28-29).  In granting the motion, the Court stated that "[n]either side should make any reference to the defendants' ability to pay damages or to what entity will ultimately pay damages." (Dtk. 124 at 22).  Despite the fact that the parties stipulated to be bound by this decision for purposes of the current trial (Dkt. 201 at 1), Defendants' Proposed Jury Instruction 1 is in direct conflict with the Court's ruling.  The incorrect suggestion that Defendants will have to pay any damages from their own funds could unfairly influence the jury in Defendants' favor.  Nothing should be said or implied at all about insurance or indemnity.  This instruction serves no legitimate purpose, and consequently, the Court should not issue it.

**B.    Defendants' Proposed Instruction  2: Excessive Force (Dkt. 193-2, 193-3)**

Defendants' proposed jury instruction lists certain factors that the jury may consider regarding whether a particular use of force was unreasonable.  The 7th Circuit Pattern Jury Instruction regarding the definition of unreasonableness in this context, however, does not include any of these factors. (7th Circuit Pattern Jury Instruction 7.09.)  Rather, these factors appear in the Comments to the instruction, where the Committee also explains that "[w]hile caselaw suggests a number of factors that may be relevant to a jury's determination regarding

whether a particular use of force was unreasonable," it did not include those factors in the pattern instruction "because the jury is to consider *all* circumstances, and a listing of some might suggest that others are irrelevant." (Committee Comments to Instruction 7.09, emphasis in original.) Further, the comments indicate that factors 1, 2, 3, 4 and 6 (the factors suggested by Defendants here) were originally taken from an 8th Amendment case. (Id.) The Court therefore should adopt Plaintiff's proposed instruction, which is in conformance with Instruction 7.09.[1]

**C.     Defendants' Proposed Instruction 3: Nominal Damages**

Defendants' request to remove the nominal damages instruction is improper and in violation of Plaintiff's rights. Plaintiff has the right to receive nominal damages if the jury finds in favor of Plaintiff on liability but fails to find that he suffered any compensatory damages. It is improper to request that the jury remain unaware of potential damages which Plaintiff may be entitled to.

**D.     Other Objections to Defendants' Proposed Instructions**

Plaintiff further objects to the format of Defendants' proposed jury instructions to the extent they inform the jury that a second phase of the trial will occur should they find that excessive force was used. Given that the Court has provisionally granted Plaintiff's Motion to Bifurcate, Defendants' proposed jury instructions would prejudice Plaintiff by informing the jury ahead of time that if they find for Plaintiff on liability there will be an additional damages determination, but that if they find for Defendants on liability, their job will be over. Such knowledge will undoubtedly affect the jury, even if only at a subconscious level. If the trial is bifurcated, the instructions regarding liability should omit any mention of the damages consideration so as to avoid causing prejudice to Plaintiff.

---

[1] While Plaintiff believes its proposed instruction is consistent with Instruction 7.09, Plaintiff has no issue with the Court directly adopting Instruction 7.09 on this issue.

Dated:  February 5, 2016

        Respectfully submitted,

        **MERCHANT & GOULD, P.C.**

By:   *Jeffrey S. Ward*
       Jeffrey S. Ward
       Edward J. Pardon
       Wendy M. Ward
       MERCHANT & GOULD P.C.
       10 East Doty Street, Suite 600
       Madison, WI  53703-3376
       Telephone:  (608) 280-6750
       jward@merchantgould.com
       epardon@merchantgould.com
       wward@merchantgould.com

       Paige S. Stradley
       Emily M. Wessels
       MERCHANT & GOULD P.C.
       3200 IDS Center
       80 S. 8th Street
       Minneapolis, MN  55402
       Telephone: (612) 332-5300
       pstradley@merchantgould.com
       ewessels@merchantgould.com

       *Attorneys for Plaintiff Michael B. Kingsley*