IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL B. KINGSLEY,

|  |  |  |
|---|---|---|
|  | Plaintiff, | INTRODUCTORY JURY |
| v. |  | INSTRUCTIONS |
| STAN HENDRICKSON and FRITZ DEGNER, |  | 10-cv-832-jdp |
|  | Defendants. |  |

---

Members of the jury, we will begin the trial of the case on Wednesday. I will give you some instructions now to help you understand how the trial will proceed, how you should evaluate the evidence, and how you should conduct yourselves during the trial.

The party who begins the lawsuit is called the plaintiff. In this case, the plaintiff is Michael Kingsley. The parties against whom the suit is brought are called the defendants. In this case, the defendants are Stan Hendrickson and Fritz Degner. The defendants are employees of the Monroe County Sheriff's Department.

The Fourteenth Amendment to the United States Constitution protects citizens who are detained and awaiting trial from being subjected to excessive physical force. In this case, plaintiff alleges that on May 21, 2010, while he was a pretrial detainee at the Monroe County jail, defendants used excessive force to restrain him. Defendants deny that they used excessive force.

Your job, as jurors in this case, will be to decide whether defendants' use of force against plaintiff was unreasonable under the circumstances. I will give you some additional instructions on how to decide this issue after you hear the evidence.

CONDUCT OF THE CASE

The case will proceed as follows:

First, plaintiff's counsel will make an opening statement outlining plaintiff's case. Immediately after plaintiff's statement, defendants' counsel will also make an opening statement outlining defendants' case. What is said in opening statements is not evidence; it is simply a guide to help you understand what each party expects the evidence to show.

Second, after the opening statements, plaintiff will introduce evidence in support of his claim. At the conclusion of plaintiff's case, defendants may introduce evidence. And, finally, plaintiff may choose to introduce rebuttal evidence.

Third, after the evidence is presented, I will instruct you on the law that you are to apply in reaching your verdict. I will give you copies of all my instructions, including the instructions that I am reading now, so you will have them in writing when you deliberate.

Fourth, the parties will make closing arguments explaining what they believe the evidence has shown and what inferences you should draw from the evidence.

What is said in closing argument is not evidence. Plaintiff will make the first closing argument and can make a short rebuttal argument after defendants' closing argument.

Fifth, you will retire to the jury room and conduct your deliberations.

The trial day will run from 9:00 a.m. until 5:30 p.m. Usually, you will have at least an hour for lunch and two additional short breaks: one in the morning and one in the afternoon. Sometimes I will have to adjust this schedule to take care of something in another case, so we will be somewhat flexible. The courtroom is often kept at a cold temperature; I encourage you to bring clothing that will keep you comfortable in a range of conditions.

During recesses you should keep in mind the following instructions:

First, do not discuss the case either amongst yourselves or with anyone else during the course of the trial. I realize that this case is the one thing you all have in common, but you must not talk about it, even amongst yourselves, until it is time to deliberate. Once you express an opinion, there is a natural tendency to defend it and this might make you resist changing your mind. The parties to this lawsuit have a right to expect from you that you will keep an open mind throughout the trial. You should not reach a conclusion until you have heard all of the evidence and you have heard the lawyers' closing arguments and my instructions to you on the law, and you have retired to deliberate with the other members of the jury. I must warn you, in particular, against commenting about the trial in an email, a blog, or on Twitter or any social media website. There are cases that have had to be re-tried because a

3

member of the jury communicated electronically about the case during the trial. You can imagine what this would mean in the cost of a re-trial, the inconvenience to your fellow jurors whose work would have been done for nothing, and the stress experienced by the parties.

Second, do not permit any third person to discuss the case in your presence. If anyone tries to talk to you despite your telling him or her not to, report that fact to the court as soon as you are able. Do not discuss the event with your fellow jurors or discuss with them any other fact that you believe you should bring to the attention of the court.

Third, although it is a normal human tendency to converse with people with whom one is thrown into contact, please do not talk to any of the parties or their attorneys or witnesses. By this I mean not only do not talk about the case, but do not talk at all, even to pass the time of day. If one of the attorneys or witnesses passes by without talking to you, they are not being rude; they are simply following my instructions. In no other way can all parties be assured of the absolute impartiality that they are entitled to expect from you as jurors.

Fourth, do not read about the case in the newspapers, or listen to radio or television broadcasts about the trial. If a newspaper headline catches your eye, do not examine the article further. Media accounts may be inaccurate and may contain matters that are not proper for your consideration. You must base your verdict solely on the evidence presented in court.

Fifth, no matter how interested you may become in the facts of the case, you must not do any independent research, investigation, or experimentation. Do not look up materials on the internet or in other sources. Again, you must base your verdict solely on the evidence presented in court.

HEARING THE EVIDENCE

**Evidence**

Evidence at a trial includes the sworn testimony of the witnesses, exhibits that are offered and accepted by the court, facts that are stipulated by counsel on both sides, and facts that are judicially noticed. If facts are stipulated or judicially noticed, I will tell you that. You may consider only the evidence that I admit into the record.

The following things are not evidence: questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the lawyers, by the parties, or by one of the witnesses. You should listen carefully to the opening statements and closing arguments of the lawyers because they help you understand the evidence. But those statements and arguments by the lawyers are not evidence. Decide the case on the evidence.

Evidence may be either direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. Circumstantial evidence is proof of one or more facts from which you could infer the

existence of another fact. If the question were whether it was raining on September 1, direct evidence of this fact would be a witness's testimony that they were outside and they saw it raining that day. Circumstantial evidence of the fact that it was raining would be that people came into a building carrying wet umbrellas that day. You should consider both types of evidence. Neither direct nor circumstantial evidence is automatically more persuasive or valuable than the other type. It is up to you to decide how much weight to give any piece of evidence.

**Drawing of Inferences**

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw reasonable inferences or conclusions from the facts that you find have been proved, if such reasonable inferences or conclusions seem justified in the light of your own experience and common sense.

**Burden of Proof**

You will hear the term "burden of proof" used during this trial. In simple terms, the phrase "burden of proof" means that the party who makes a claim has the obligation of proving that claim.

Here is the basic burden of proof concept that you should bear in mind as you hear the evidence. Plaintiff is required to prove that defendants used excessive force against him by a preponderance of the evidence. This means that you must be

6

persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.

**Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testifies about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**Contradictory or Impeaching Evidence**

A witness may be discredited by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been discredited, it is up to you to decide how much of the testimony of that witness you believe.

7

If a witness is shown to have given false testimony knowingly, that is, voluntarily and intentionally, about any important matter, you have a right to distrust the witness's testimony about other matters. You may reject all the testimony of that witness or you may choose to believe some or all of it.

The general rule is that if you find that a witness said something before the trial that is different from what the witness said at trial, you are to consider the earlier statements only as an aid in evaluating the truthfulness of the witness's testimony at trial. You cannot consider as evidence in this trial what was said before the trial began.

There is an exception to this general rule for witnesses who are the actual parties in the case. If you find that any of the parties made statements before the trial began that are different from the statements they made at trial, you may consider as evidence in the case whichever statement you find more believable.

**Depositions**

During the course of a trial, the lawyers may refer to and read from depositions. Depositions are transcripts of testimony taken while the parties are preparing for trial. Deposition testimony is given under oath just like testimony given during the trial. You should give it the same consideration you would give it had the witnesses testified here in court.

**Experts**

A person's training and experience may make him or her a true expert in a technical field. The law allows that person to state an opinion here about matters in that particular field. It is up to you to decide whether you believe the expert's testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the expert's background of training and experience is sufficient for him or her to give the expert opinion that you heard, and whether the expert's opinions are based on sound reasons, judgment, and information.

During the trial, an expert witness may be asked a question based on assumptions that certain facts are true and then asked for his or her opinion based upon that assumption. Such an opinion is of use to you only if the opinion is based on assumed facts that are proven later. If you find that the assumptions stated in the question have not been proven, then you should not give any weight to the answer the expert gave to the question.

**Objections**

During the trial, you will hear the lawyers make objections to certain questions or to certain answers of the witnesses. When they do so, it is because they believe the question or answer is legally improper and they want me to rule on it. Do not try to guess why the objection is being made or what the answer would have been if the witness had been allowed to answer it.

If I tell you not to consider a particular statement that has already been made, put that statement out of your mind and remember that you may not refer to it during your deliberations.

## Questions

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

If you wish to ask a question about something you do not understand, write it down on a separate slip of paper. When the lawyers have finished all of their questions to the witness, if your question is still unanswered to your satisfaction, raise your hand, and I will take the written question from you, show it to counsel, and decide whether it is a question that can be asked. If it cannot, I will tell you that. I will try to remember to ask about questions after each witness has testified.

## Notetaking

If you want to take notes, there are notepads and pencils next to the jury bench. This does not mean you have to take notes; take notes only if you want to and if you think they will help you to recall the evidence during your deliberations. Do not let notetaking interfere with your important duties of listening carefully to all of the evidence and of evaluating the credibility of the witnesses. Keep in mind that just because you have written something down it does not mean that the written note is more accurate than another juror's mental recollection of the same thing. No one of

you is the "secretary" for the jury, charged with the responsibility of recording evidence. Each of you is responsible for recalling the testimony and other evidence.

Although you can see that the trial is being recorded by a court reporter, you should not expect to be able to use trial transcripts in your deliberations. You will have to rely on your own memories.