IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MICHAEL B. KINGSLEY,

                          Plaintiff,                    POST-TRIAL JURY
   v.                                                            INSTRUCTIONS

STAN HENDRICKSON and FRITZ DEGNER,        10-cv-832-jdp

                        Defendants.
_____

      Now that you have heard the evidence, I will give you the instructions that will govern your deliberations in the jury room. It is my job to decide what rules of law apply to the case and to explain those rules to you.

      You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

      Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

      Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

      The verdict must represent the considered judgment of each juror. Your verdict, whether for or against any party, must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your

differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict. All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Your deliberations will be secret. You will never have to explain your verdict to anyone.

If you have formed any idea that I have an opinion about how the case should be decided, disregard that idea. It is your job, not mine, to decide the facts of this case.

The case will be submitted to you in the form of a special verdict on liability, consisting of one question. In answering the question, you should consider only the evidence that has been received at this trial. Do not concern yourselves with whether your answers will be favorable to one side or another, or with what the final result of this lawsuit may be.

**Answers Not Based on Guesswork**

If, after you have discussed the testimony and all other evidence that bears upon a particular question, you find that the evidence is so uncertain or inadequate that you have to guess what the answer should be, then the party with the burden of

proof as to that question has not met the required burden of proof. Your answers are not to be based on guesswork or speculation. They are to be based upon credible evidence from which you can find the existence of the facts that the party must prove to satisfy the burden of proof on the question under consideration.

**Burden of Proof**

When I say a particular party must prove something by "a preponderance of the evidence," it means that when you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Number of Witnesses**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a large number. You need not accept the testimony of the larger number of witnesses.

**All Persons Equal Before the Law**

In this case the plaintiff was a pretrial detainee during the events at issue. All parties are equal before the law. A pretrial detainee is entitled to the same fair consideration that you would give any other person.

**Conviction of Crime**

You have heard evidence that plaintiff has been convicted of felonies. You may use that evidence to help you decide whether plaintiff's testimony is truthful and how

much weight to give his testimony. You may not consider this evidence for any other purpose.

**Contradictory or Impeaching Evidence**

A witness may be discredited by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been discredited, it is up to you to decide how much of the testimony of that witness you believe.

If a witness is shown to have given false testimony knowingly, that is, voluntarily and intentionally, about any important matter, you have a right to distrust the witness's testimony about other matters. You may reject all the testimony of that witness or you may choose to believe some or all of it.

The general rule is that if you find that a witness said something before the trial that is different from what the witness said at trial, you are to consider the earlier statements only as an aid in evaluating the truthfulness of the witness's testimony at trial. You cannot consider as evidence in this trial what was said before the trial began.

There is an exception to this general rule for witnesses who are the actual parties in the case. If you find that any of the parties made statements before the trial began that are different from the statements they made at trial, you may consider as evidence in the case whichever statement you find more believable.

**Multiple Defendants**

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other is also liable. In considering a claim against a defendant, you must not consider evidence admitted only against the other defendant.

**Special Verdict Question**

Plaintiff alleges that defendants used excessive force against him in violation of his constitutional rights. To succeed on this claim, plaintiff must prove by a preponderance of the evidence that one or both of the defendants used unreasonable force against plaintiff.

You must decide whether each defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that each defendant faced. You must make this decision based on what the officer knew at the time, not based on what you know now. In deciding whether each defendant's use of force was unreasonable, you must not consider whether that defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

In deciding whether the force that each defendant used was reasonable, you must consider all of the circumstances of the case. Some of the factors that you may consider include:

5

- the need for the use of force;
- the relationship between the need for the use of force and the amount of force used;
- the extent of plaintiff's injury;
- any efforts made by defendants to temper or limit the amount of force;
- the threat reasonably perceived by the officers; and
- whether plaintiff was actively resisting.

The factors listed above are examples of the circumstances that can apply to a determination of excessive force, but they are not the only factors that you can consider.

You have heard evidence about whether defendants' conduct complied with or violated their training and the Monroe County Sheriff's Department's policies. You may consider this evidence in your deliberations as it is relevant to the totality of the circumstances. But remember that the issue is whether defendants' use of force was unreasonable under the circumstances, not whether defendants complied with or violated their training or the Monroe County Sheriff's Department's policies.

If you find that plaintiff has proved by a preponderance of the evidence that one or both of the defendants used unreasonable force against him, then you should find for plaintiff by answering "yes" to the question on the verdict.

If, on the other hand, you find that plaintiff did not prove by a preponderance of the evidence that one or both of the defendants used excessive force against him, then you should find for defendants by answering "no" to the question on the verdict.

INSTRUCTIONS AFTER CLOSING ARGUMENTS

**Selection of Presiding Juror; Communication with the Judge; Verdict**

When you go to the jury room to begin considering the evidence in this case you should first select one of the members of the jury to act as your presiding juror. This person will help to guide your discussions in the jury room.

You are free to deliberate in any way you decide, or select whomever you like as the presiding juror. When thinking about who should be presiding juror, you may want to consider the role that a presiding juror usually plays. He or she serves as the chairperson during the deliberations and has the responsibility of ensuring that all jurors who desire to speak have a chance to do so before any vote. The presiding juror should guide the discussion and encourage all jurors to participate. I encourage you at all times to keep an open mind if you ever disagree or come to conclusions that are different from those of your fellow jurors. Listening carefully and thinking about another juror's point of view may help you understand that juror's position better or give you a better way to explain why you think your position is correct.

Once you are in the jury room, if you need to communicate with me, the presiding juror will send a written message to me. However, do not tell me how you stand as to your verdict.

As I have mentioned before, the decision you reach must be unanimous; you must all agree.

**Suggestions for Conducting Deliberations:**

To help you determine the facts, you may want to consider discussing one claim at a time, and use my instructions to the jury as a guide to determine whether there is sufficient evidence to prove all the necessary legal elements for each claim or defense. I also suggest that any public votes on a verdict be delayed until everyone can have a chance to say what they think without worrying what others on the panel might think of their opinion. I also suggest that you assign separate tasks, such as note taking, time keeping and recording votes to more than one person to help break up the workload during your deliberations. I encourage you at all times to keep an open mind if you ever disagree or come to conclusions that are different from those of your fellow jurors. Listening carefully and thinking about another juror's point of view may help you understand that juror's position better or give you a better way to explain why you think your position is correct.